## WOOD vs. OAKLEY and others.

Where a bill was filed in 1843, to foreclose a mortgage, and the complainant omitted to make certain judgment creditors of the mortgagor parties to the suit, but he duly filed a notice of the pendency of the suit, in the form prescribed by the 9th section of the act of 1840, to reduce the expense of foreclosing mortgages in the court of chancery; *Held* that the equity of redemption of the judgment creditors, in the mortgaged premises, was barred by the foreclosure and sale under the decree in that suit; although such decree was not obtained until after the passage of the act of May, 1844, which virtually repealed the 9th section of the act to reduce the expenses of foreclosing mortgages in the court of chancery.

It is a general rule, in the construction of statutes, that they are not to have a retroactive effect, so as to impair previously acquired rights.

Courts of justice apply new statutes only to cases which subsequently arise; unless there is something in the nature of the new provisions adopted by the legislature, or in the language of such statutes, which shows that they were intended to have a retrospective operation.

It is a settled principle of the court of chancery, that a party who comes into that court for equity, must himself be willing to do that which is equitable.

Whether since the act of May, 1844, amending the 9th section of the act to reduce the expense of foreclosing mortgages in the court of chancery, a judgment creditor, who has not been made a party to the suit, would be permitted to redeem the mortgaged premises from a sale, under a decree of foreclosure, where the premises have been sold for their full value; unless he has some real equity, beyond a mere nominal lien upon the equity of redemption? *Quære.*

THIS was an appeal by J. P. Moore, the purchaser at a master's sale, from an order of the vice chancellor of the first circuit, directing him to complete his purchase of premises which had been sold to him, under a decree of foreclosure.

Charles Oakley was the owner in fee of the mortgaged premises, in September, 1838, when he mortgaged them to The North American Trust and Banking Company, to secure the payment of $23,000. In August, 1839, C. Oakley conveyed the premises to J. R. Oakley, subject to the payment of the mortgage; which mortgage, after several mesne assignments, was transferred to the complainant In April, 1843, the complainant filed his bill in this cause, to foreclose the mortgage; and made the mortgagor, together with the subsequent purchasers of the equity of redemption, and other persons having specific liens thereon,

parties.   But several persons who had recovered judgments against C. Oakley, while he owned the premises, or against J. R. Oakley, the purchaser of the premises from him, and whose judgments were general liens upon the equity of redemption, were not made parties to the suit.   On the day of the filing of the bill, a notice of the commencement and object of the suit, in the form, and containing all the particulars required by the act of May, 1840, to reduce the expense of foreclosing mortgages in the court of chancery, was filed in the office of the clerk of the county in which the mortgaged premises were situated. And due proof of the filing of such notice was made to the court at the time of entering the final decree of foreclosure in the cause; on the 25th of June, 1844.   In September, 1844, the premises were sold by the master, under the decree, and were bid off by the appellant, in separate parcels, for the aggregate sum of $7050.   The purchaser signed a written memorandum, containing the terms and conditions of the sale, and the price bid by him for the premises, and a promise to comply with such terms and conditions.   The appellant afterwards refused to complete his purchase, upon the ground that the judgment creditors, who had general liens upon the equity of redemption, had not been made parties to the foreclosure suit ; and that the final decree in the suit was not made until after the act of the 7th of May, 1844, in relation to the foreclosure of mortgages, went into effect.

*E. Slosson*, for the appellant.

*E. Sandford*, for the respondent.

·THE CHANCELLOR.   The only question which arises in this case is, whether the appellant will obtain a good title to the mortgaged premises, as against the judgment creditors who have not been made parties to the foreclosure suit, but whose judgments were subsequent to the mortgage.   And, upon that question, I have no doubt that the vice chancellor came to a correct conclusion.   It is true the legislature, at its last session, indirectly repealed the most beneficial provision of the act of 1840, to

reduce the expense of foreclosing mortgages in the court of chancery; and have again subjected the parties, in a foreclosure suit, to the useless expense of making all persons, who have obtained judgments or decrees against the owners of the equity of redemption, within ten years, parties to the suit. As a substitute for the unnecessary expense of ascertaining the names and residences of all persons who obtained any such judgment or decree, and making them parties to the suit, and serving subpœnas and notices upon them if they resided in any part of the state, or of advertising for them if they were non-residents, the act of May, 1840, had directed a notice of the commencement of the suit, and of the object thereof, to be filed in the county clerk's office, at least forty days before the entering of the decree; and with liberty to the judgment creditors to come in as interveners and protect their rights, whenever they had rights which they deemed worth protecting. The 9th section of that act then provided, that it should not be necessary that any person having a lien upon the mortgaged premises, by judgment or decree, subsequent to the mortgage, or any person having a lien or claim by or under such judgment or decree, should be made a party to a suit for the foreclosure of the mortgage. It also declared that every decree of foreclosure and sale of lands mortgaged, should bar and foreclose all claim and equity of redemption of every person having such subsequent judgment or decree, and his heirs and personal representatives, and of all persons claiming under him or them, subject to the provisions of the subsequent sections of that act; but that no such decree should be made unless proof should be given, in such manner as should be required by the court, that notice of the pendency of the suit had been filed, as required by the next preceding section, for at least forty days before such decree should be made.

At the time this suit was commenced, therefore, and probably for a long time after it was in readiness for hearing, upon the pleadings and proofs, as to the defendants who made a defence, there was no necessity for making judgment creditors parties; either to foreclose their equity of redemption, or to give them a full and perfect right to the surplus moneys, if any there should

be, upon the sale of the mortgaged premises.    The act of the 7th of May last, relative to the foreclosure of mortgages, (*Sess. Laws of* 1844, *p.* 531, § 5,) does not in terms repeal any part of the 9th section of the act of May, 1840.   It only professes to amend it by leaving out every thing that is material; so that it shall read as follows: "No decree of foreclosure and sale of lands shall be made unless proof shall be given, in such manner as shall be required by the court, that notice of the pendency of the suit has been filed, as is required in the next preceding section, at least forty days before such decree shall be made."    So much of the 9th section of the act of May, 1840, as is inconsistent with the amendment of May, 1844, cannot, therefore, apply to any future suit.    But the first clause of the original section, which declared that it should not be necessary to make any person who had a lien upon the mortgaged premises, by judgment or decree, subsequent to the mortgage, a party to the suit for the foreclosure of the mortgage, remains in full force as to every suit which had been commenced, against the proper parties, previous to the 27th of May, 1844, when the amendment of the last session took effect as a law.

It is a general rule in the construction of statutes, that they are not to have a retroactive effect, so as to impair previously acquired rights.    And courts of justice will apply new statutes only to future cases which may arise, unless there is something in the nature of the new provisions adopted by the legislature, or in the language of such new statutes, which show that they were intended to have a retrospective operation.    The question was fully considered by the supreme court of this state, in *Dash* v. *Van Kleeck*, (7 *John. Rep.* 477,) and it is unnecessary for me to refer to the authorities which were cited and commented upon in that case.    Here there is nothing in the act of May, 1844, or in the subject matter of the amendment of the former act, to indicate an intent, on the part of the legislature, that the amendment should operate upon suits then pending, and which suits had been instituted against all proper parties; to enable the complainants to obtain decrees which would be effectual to bar the equity of redemption of creditors who had

general liens only. A retrospective operation of the amendatory act of 1844 would operate with peculiar hardship upon the complainant in this suit; and it could be of no possible benefit to the judgment creditors, who had merely nominal liens upon the mortgaged premises. It is not pretended by the purchaser that there is any doubt as to the validity of the mortgage upon which the foreclosure took place, or that the equity of redemption is in fact worth any thing to these subsequent judgment creditors. His whole objection to the title, therefore, proceeds upon the supposition that a court of equity might, at some future time, permit these creditors to redeem the premises, upon payment of the whole amount due on the complainant's mortgage, with interest thereon; although they had been allowed the privilege of becoming parties to the suit, and of bidding upon the property, to raise a surplus for their benefit, if they had thought proper to do so, under the provisions of the statute which are still in force, as well as by the original act.

As the statute now stands, by this amendment of the 9th section, the complainant in a foreclosure suit is obliged to file a notice of the pendency and object of the suit, at least forty days before he can obtain a decree. And judgment creditors, whose liens are subsequent to the mortgage, and who are not parties to the suit, may apply to be made parties; or they may claim a share of the surplus moneys arising from a sale under the decree, or may apply to set aside a sale under the decree, in the same manner as if they were parties to the suit. It is very doubtful, therefore, whether this court would sustain a bill, by a creditor having such a lien, to redeem the mortgaged premises from a bona fide purchaser who had given the full value of the premises, at the master's sale; unless such creditor could show some equity beyond a mere nominal lien upon the equity of redemption at the time of such sale, even if the act of May, 1840, had been passed as it is now left by this amendment of the original act.

It is a settled principle of this court, that a party who comes into this court for equity must himself be willing to do that which is equitable. And where a judgment creditor, who is not made a party, has no defence to interpose to the bill of foreclo-

sure, and is aware of the existence of the suit and of the decree of sale, so that he may attend the sale and see that it is fairly and properly made, and that the premises are sold for their fair value, to raise a surplus for his benefit, if they are indeed worth more than the amount of the complainant's debt and costs, it is hardly probable that this court would allow him the benefit of a subsequent rise in the value of the property, or in consequence of buildings, or improvements, which the purchaser under the decree had subsequently erected or made.

But whatever may be the construction and effect of this statute, as to cases which have been commenced subsequent to the amendment, in reference to the equity of redemption of judgment creditors not made parties, but whose rights are still provided for where they are actually aware of the pendency of the foreclosure suit, I am satisfied that the judgment creditors, in the present case, have no right to redeem the premises from the sale to the appellant.

The order of the vice chancellor must therefore be affirmed with costs.(a)

(a) See *Curtis* v. *Hitchcock*, (10 *Paige's Rep.* 399.)