Denio. C. J.
The amendment of the Code of Procedure, upon which the question in these cases depends, declares that section eleven of the existing Code is amended “so as to read as followsand the section is then copied with the changes intended to be made, and which, as far as the present questions are concerned, give an appeal from an order awarding a new trial, if the appellant shall agres to be concluded by the judgment on the appeal, if against him, without a further trial; and which also allow an appeal from a j udgment efthe Supreme Court in an action originating in a justice’s court, provided it shall be allowed by the same general term, of the Supreme Court, that is, the general term of the same district, which pronounced the judgment, before the end of the next term. In other respects the section, as amended, is the same as it was before the amendment. The original section and the amended section both commence by conferring upon this court the exclusive jurisdiction to review, upon appeal, “every actual determination hereafter made at a general term,” &c. It iscontended, by the counsel who seek *598 to maintain these appeals, that the amended section should be considered as though it had been originally enacted several years ago, in the same language which it now contains. If this were so there can be no doubt but that both the appeals should be sustained, as both the determinations appealed from were undeniably made long after the first enactment of that section. But we think this is not the true construction.
The form in which amendments, both of the Code and of the Revised Statutes, have generally been made, by declaring that particular sections shall be amended so as to read in a given way, was adopted for the purpose of adjusting them to the original enactments, so that when the system' should, after repeated amendments, become complete, the different parts might be put together without further revision, and thus form a perfect code.. The portions of the amended sections which are merely copied without change, are' not to be considered as repealed and again enacted, but to have been the law all along; and the new parts, or the changed portions, are not to be taken to have been the law at any time prior to the passage of the amended act. The rule contended for would lead to the grossest absurdities. Proceedings which were quite regular when taken would be made irregular or void by force of the subsequent statute; and confusion of every kind would be introduced. Nor do we think that the consideration that the amended section reads, as the original one did, that this court shall have jurisdiction to" review determinations “hereafter made,” limits the effect of the amended portions or the newly introduced provisions to cases in which the judgments appealed from were rendered after the amendment took effect. That is a portion of the old section which is preserved unaltered. When it was first enacted, it was thought expedient to confine the review by this court to future judgments and orders; but the incorporation of the amendment into a section which was *599 originally thus limited, does not prove that the new provisions are to be confined to determinations future in relation to the time the amendment took effect. The theory of amendments, made in the form adopted in the present instance, we take to be this: The portions of the section which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect. In short, we attribute no effect to the plan of dove-tailing the amendment into the original section, except the one above suggested, of preserving a harmonious text, so that when future editions shall be published the scattered members shall easily adjust themselves to- each other. In other words, we consider the amendment as only equivalent to an independent statute declaring in general language that an appeal may hereafter be taken from an order granting a new trial on complying with the conditions mentioned; and that an appeal may likewise be taken from a judgment of the Supreme Court, made in a case which originated in a justice’s court, if the same shall be allowed in the manner stated.
If this is the correct view to be taken of the amended section, the disposition of these motions is not difficult. In Tim People v. Carnal (2 Seld., 463), the defendant had been convicted of murder, and the conviction was reversed on error to the Supreme Court, and a new trial was ordered. After the judgment of reversal, the legislature passed an act authorizing the people to appeal from a judgment against them in a criminal case, except where the judgment was founded upon the verdict of a jury. An appeal was taken on behalf of the people, from the judgment, which awarded a new trial; but this court held that the statute did not apply to a case where the judgment was rendered before the passage of the act. The case seems to be precisely in point upon the first motion. There is no sound distinction arising out of the fact that the case adjudged was a capital one. It is *600 a question upon the construction of written language, and the same interpretation must be given, whether the case is a grave one or a comparatively unimportant one.
The determination of the other motion is, if possible, still more easy. There the rights of the parties had been definitively settled, according to the law as it existed at the time the Supreme Court pronounced its judgment. The case had been determined by the court, of last resort in such cases, according to the arrangements of the laws then in force. Then the legislature intervenes by declaring that judgments in that class of cases are subject to another review. But they are not to be understood by this to refer to cases where the litigation had been ended, but to actions thereafter to be prosecuted, and to such as were then pending and undetermined. The principle of the case of Dash v. Van Kleek (7 John., 489), of Wood v. Oakley (11 Paige, 400), and of The People v. Carnal, are in point.
The motion in both cases must be granted, but as the statute is a late one, and the question upon it is made for the first time, no costa are given.
Appeal dismissed
*601 CASES ARGUED AND DETERMINED IN THE COURT OF APPEALS OP THE STATE OF YEW-YORE, SEPTEMBER TERM, 1857.