CHRISTINA GUNDLACH, RESPONDENT, *v.* THE GERMANIA MECHANICS' ASSOCIATION, APPELLANT.

*Corporation — Benevolent society — powers of — amendment to articles of association — when not retroactive.*

A corporation whose general purpose is declared to be the welfare of its members, and particularly their relief in times of sickness and distress, may extend its benefits to the families of its members, and make provision for the widows of deceased members.

The defendant's articles of association provided that upon the death of one of its

* 1 Hilliard, 600, note (a), citing Clabaugh v. Byerly, 7 Gill, 354.

members, his widow should be entitled to receive four dollars monthly during widowhood. After the death of plaintiff's husband the article was amended so as to entitle the widows to receive one dollar from each member of the society. *Held,* that the new article was not retroactive, and that plaintiff was entitled to receive the monthly allowance provided for by the original article.

APPEAL from a judgment in favor of the plaintiff, rendered upon the decision of Mr. Justice HARDIN, in Onondaga county, at the January Circuit, 1874, the cause having been tried before him without a jury. The facts are contained in a stipulation, and may be briefly stated as follows :

The defendant is a corporation formed January 10, 1860, under which the subscribers associated themselves together, "for the general purposes of improvement and welfare" of themselves "and others," by signing their names to the constitution and by-laws of the association, "and for the particular object of mutual relief of the members of the association, in times of sickness and distress."

The plaintiff's husband and the husbands of her assignors, each signed the constitution and by-laws, and became members of the society. One of the articles of the association contained this provision, viz. :

"Upon the death of one who has been a member of the association for six months last prior to his death, his widow shall be entitled to receive the sum of four dollars monthly during widowhood."

The plaintiff's husband and the husbands of her assignors, died after a membership of six months, immediately prior to their decease. Subsequently to their decease the article above set forth was revised, under authority of a provision which reads as follows, viz. : "A revision or alteration of the articles of the association can be made at a general meeting of the members thereof, by a majority of the votes of the members present."

The revised article, adopted in conformity with the provision, reads as follows, viz. : "Upon the death of a member, each person who may be a member of the society shall pay to the widow of the deceased member the sum of one dollar."

The arrears due to the plaintiff under the original article were

allowed by the decision of the court, against the defendant's objection and exception.

*W. C. Ruger*, for the appellant.

*I. C. Hunt*, for the respondent.

MORGAN, J. :

No question is made as to the right of the plaintiff to maintain a suit to recover her allowance under the original article, unless that right is taken away by the subsequent revision. A point is, however, made that the provision for the benefit of the widows of deceased members is *ultra vires*, and not within the scope of the powers of the society, under the articles of association. The objects of the society are not very artistically defined.

The general purposes were declared to be the welfare of the associates and others, and particularly the mutual relief of the members in times of sickness and distress. I am of opinion that the society could extend its benefits to the families of its members, and that such provision in favor of the widows of deceased members, was not only highly meritorious, but fairly within the scope of the general purposes of the organization. Indeed, the revised article is just as objectionable as an excess of power as the original article itself. The constitution and by-laws should have a liberal interpretation for the purpose of promoting the general objects of the society, and, as such a provision for the benefit of the families of the members is in no way hostile or opposed to the general plan of the organization, I am of opinion it should be upheld as a proper exercise of the powers conferred upon the association.

The main question is, whether the allowance to the plaintiff was cut off by the adoption of a new article after the death of her husband. It does not, in terms, attempt to do so by any language which points to such a result. It is not in form *retroactive ;* and, upon familiar rules of interpretation, ought not to be so construed as to cut off rights already fixed.*

It must be conceded, I think, that the provision in favor of the

*Dash v. Van Kleeck, 7 Johns., 477; Quackenbush v. Danks, 1 Den., 128; S. C., 3 id., 594; Johnson v. Burrell, 2 Hill, 239; Wood v. Oakley, 11 Paige, 403.

plaintiff was in all respects binding, as a contract between the association and her husband. The association undertook to pay to his widow a monthly allowance after his death, if at the time of his death he was a member, and had been such member for the preceding six months. After his death it is not perceived how the association can, by adopting a new article or by repealing the old one, relieve itself from this obligation.

But, independent of this consideration, it is safe to say that the new article does not, in form or substance, attempt to repudiate its obligations where they had already become fixed by the death of one of its members.

The judgment should be affirmed.

Present — Mullin, P. J., Smith and Morgan, JJ.

Judgment affirmed.