## SUPREME COURT.

CHRISTINA GUNDLACH, respondent, agt. THE GERMANIA
MECHANICS' ASSOCIATION, appellant.

*Construction of articles of a corporate benevolent association.*

An article contained in the by-laws of a benevolent association providing
for the payment to the widow of a deceased member, who had been
such for six months immediately preceding his death, the sum of four
dollars monthly during widowhood, is binding upon the association
upon the application of the widow of such deceased member, notwith-
standing that subsequently to the death of the member the association
revised said article by substitution of another requiring each member to
pay to a widow, on the death of her husband who had been a member
for six months immediately prior to his death, the sum of one dollar.

*Onondaga, General Term, June,* 1875.

APPEAL from judgment of the supreme court rendered
upon the decision of Mr. justice HARDIN, in Onondaga county
at the January circuit, 1874, the cause having been tried
before him without a jury. The facts are contained in a
stipulation and may be briefly stated as follows : The defend-
ant is a corporation founded January 10, 1860, under which
the subscribers associated themselves together " for the
general purpose of improvement and welfare " of themselves
" and others " by signing their names to the constitution and
by-laws of the association, "and for the particular object of
mutual relief of the members of the association in time of
sickness and distress." The plaintiff's husband and the hus-
band of her assignors each signed the constitution and by-laws
and became members of the society. One of the articles of
the association contained this provision, viz. :

" Upon the death of one who has been a member of the

Gundlach agt. Germania Mechanics' Association.

association for six months 'last prior to his death his widow shall be entitled to receive the sum of four dollars monthly during widowhood."

The plaintiff's husband and the husband of her assignors died after a membership of six months immediately prior to their decease. Subsequently to their decease the article above set forth was revised under authority of a provision which read as follows, viz. :

" A revision or alteration of the articles of the association can be had at a general meeting of the members thereof by a majority of the votes of the members present."

The revised article, adopted in conformity with this provision, reads as follows, viz.: " Upon the death of a member each person who may be a member of the society shall pay to the widow of the deceased member the sum of one dollar."

The arrears due to the plaintiff under the original article were allowed by the decision of the court against the defendant's objection and exception.

*W. C. Ruger*, for appellant.

*Hunt & Weaver*, for respondent.

MORGAN, *J.* — No question is made as to the right of the plaintiff to maintain a suit to recover her allowance under the original article, unless that right is taken away by the subsequent revision. A point is however made that the provisions for the benefit of the widow of the deceased member is *ultra vires*, and not within the scope of the powers of the society under the articles of association. The objects of the society are not very artistically defined. The general purpose was declared to be the welfare of the associates and others; and particularly the mutual relief of the members in times of sickness and distress. I am of opinion that the society could extend its benefits to the families of its members, and that such provision in favor of the widows of deceased members

was not only meritorious but fairly within the scope of the general purposes of the organization. Indeed the revised article is just as objectionable as an excess of power as the original article itself. The constitution and by-laws should have a liberal interpretation for the purpose of promoting the general objects of the society, and as such a provision for the benefit of the families of the members is in no way hostile or opposed to the general plan of the organization, I am of opinion it should be upheld as a proper exercise of the powers conferred upon the association. The main question is, whether the allowance to the plaintiff was not cut off by the adoption of the new article after the death of her husband. It does not in terms attempt to do so by any language which points to such a result. It is not in form retroactive, and upon familiar rules of interpretation ought not to be so construed as to cut off rights already fixed (*Dart* agt. *Van Kleek*, 7 *John. R.*, 477; *Quackenbush* agt. *Danks*, 1 *Denio*, 128; 3 *id.*, 594; *Johnson* agt. *Burrell*, 2 *Hill*, 239; *Wood* agt. *Oakley*, 11 *Paige*, 403). It must be conceded, I think, that the provision in favor of the plaintiff was, in all respects, binding as a contract between her husband and the association. The association undertook to pay to his widow a monthly allowance after his death, if, at the time of his death, he was a member and had been such member for the preceding six months. After his death, it is not perceived how the association can, by adopting a new article, or by repealing the old one, relieve itself from this obligation. But, independent of this consideration, it is safe to say that the new article does not, in form or substance, attempt to repudiate its obligations when they had already been fixed by the death of one of its members.

The judgment should be affirmed.