---

### *In re* HENDRICKS' ESTATE.

(*Surrogate's Court, New York County.* November 27, 1888.)

DESCENT AND DISTRIBUTION—LEGACY TAX—DEED TO OPERATE AT GRANTOR'S DEATH.
Laws N. Y. 1887, c. 713, providing that, "after the passage of this act, all property which shall pass by will, or by the intestate laws, * * * or any interest therein, or income therefrom, which shall be transferred by deed, * * * made or intended to take effect in possession or enjoyment after the death of the grantor, * * * shall be and is subject" to a certain tax, does not apply to property conveyed before its passage by an irrevocable deed, in trust to pay the income to the grantor during her life, and on her death to be sold and distributed among certain named beneficiaries or their descendants, though the grantor dies after the passage of the act, such a deed becoming operative at its date, and not at the grantor's death.

Motion to confirm report of appraiser.

On the application of the executor of Selina Hendricks, deceased, an appraiser was appointed under the law to tax gifts, legacies, and collateral inheritances, for the purpose of appraising certain property transferred to certain trustees by said decedent, during her life-time, in trust to pay the income to the grantor during her life, and on her death to sell the property, and distribute the proceeds among her nephews and nieces then living, and the descendants of nephews and nieces then dead.

*Samuel Riker*, for trustees. *G. McAdam*, for comptroller. *E. R. Degrove, Julius J. & A. Lyons, Billings & Cardozo*, and *E. J. Nathan*, for beneficiaries.

RANSOM, S. On the 5th of July last, on the application of the executors of above-named decedent, an appraiser was appointed by me under and in pursuance of the law to tax gifts, legacies, and collateral inheritances in certain cases, and by the order of his appointment he was directed to appraise, at its fair market value, all the property granted and transferred by the said decedent by a certain trust deed, (which deed was fully described in said application,) which is subject to the tax imposed by the act to tax gifts, legacies, and collateral inheritances in certain cases. The appraiser has filed his report as required by law, showing that he has appraised at its fair market value all the property mentioned and described in said deed, and he has given the names and post-office address of each of the persons who are each entitled to share in said properties, and the fair market value of such share. The appraiser, in effect, reports all this property as subject to the tax, and no doubt has done so under my decision in *Estate of Astor*, 7 Sur. Dec. 259, that in

case of doubt he should report the estate subject to the tax. On the return-day of the notice required by the act to be given by the surrogate to all parties known to be interested in the estate, objections were made by the executors and by the beneficiaries described in said deed to the appraiser's report, and to any assessment and fixing by the surrogate of the then cash value of such property, on the ground that it is not subject to the tax. There is no dispute about any fact in this proceeding. It appears that on the 4th day of January, 1882, the said decedent executed and delivered the deed already referred to, conveying and transferring certain property therein described, both real and personal, to trustees therein named, in trust to receive the rents, issues, and profits, and to pay the net rents and income over to her during her life, and on her death to sell and convert the whole thereof into money, and distribute the same to her nephews and nieces then living, and the descendants *per stirpes* of her nephews and nieces then dead. The deed was irrevocable in terms. The grantor (decedent) died on March 20, 1888.

The law taxing gifts, legacies, etc., under which the questions involved are to be determined, is act chapter 713, Laws 1887, entitled "An act to amend chapter 483 of the Laws of 1885, entitled ' An act to tax gifts, legacies, and collateral inheritances in certain cases.' " Section 1 of the act of 1887 is as follows: "After the passage of this act, all property which shall pass by will, or by the intestate laws of this state, from any person who may die seised or possessed of the same while a resident of this state, or if such decedent was not a resident of this state at the time of death, which property, or any part thereof, shall be within this state, or any interest therein, or income therefrom, which shall be transferred by deed, grant, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body politic or corporate, in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled, in possession or expectancy, to any property, or to the income thereof, * * * [exempted persons,] shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property. * * *" I hold that the property mentioned and described in said deed is not subject to this tax. The act has no retroactive effect. It is an original statute, or, if you please, an amendment of an original statute; and the rule is settled with us that such statutes or amendments thereto have no retroactive force unless the legislature so declares. This rule is laid down in many cases in this state, among which are the following, cited by learned counsel of the executors: *People* v. *Supervisors*, 43 N. Y. 130; *Dash* v. *Van Kleeck*, 7 Johns. 477; *Sanford* v. *Bennett*, 24 N. Y. 20; *Railroad Co.* v. *Van Horn*, 57 N. Y. 473; *Jackson* v. *Van Zandt*, 12 Johns. 168; *Hackley* v. *Sprague*, 10 Wend. 114; *Palmer* v. *Conly*, 4 Denio, 374; *Berley* v. *Rampacher*, 5 Duer, 183; *Wood* v. *Oakley*, 11 Paige, 400; *Terrington* v. *Hargreaves*, 3 Moore & P. 137; *Benton* v. *Wickwire*, 54 N. Y. 226.

This rule has recently been again applied to this very act of 1887, by the court of appeals in *Re Miller*, 18 N. E. Rep. 139. Judge DANFORTH, writing, holds that the language of this act is clearly prospective, and was intended to affect only such wills, deeds, or other instruments as became operative after its passage. The deed under consideration became operative at its date, January, 1882, several years prior to the passage of this act, or that of 1885. The nephews and nieces of the decedent were then vested with the property as described in the deed, not when she died in March, 1888. At the time of her death the decedent was not seised nor possessed of the property. She had conveyed it absolutely by deed to her nephews and nieces who might be living at her death, and to their descendants, if then dead; and they became at the date of the deed, in virtue thereof, the owners of the property. Only the rents, issues, and profits thereof were the property of the decedent during her life. The *corpus* of the estate of decedent described in the deed

passed at its date to the trustees for the benefit of the nephews and nieces; and, so far as this act of 1887 is concerned, it passed to the nephews and nieces at the same time. It is clear to me that the legislature intended only to impose this tax upon the passing of property; that is, the devolution of title thereto by will, by the intestate laws of this state, by deed, grant, sale, or gift, after the passage of this act. If the contrary was the intent, the act should have so declared. The liability of the estate to this tax is to be ascertained by the law as it exists at the date of the death of the decedent. Section 4 of the act provides that at that time the taxes "imposed by the act shall be due and payable." At the date of this decedent's death, March, 1888, she owned none of the property in question. Her title thereto had been conveyed by her to others long before, in whom it absolutely vested at the date of the conveyance.

Let an order be handed up overruling the report of the appraiser, and providing that the property appraised by him is not subject to the tax.