SAMUEL W. NASH, Respondent, *v.* WHITE'S BANK OF BUFFALO, Appellant.

The effect of the amendment of the banking act of 1880 (Chap. 567, Laws of 1880), was to repeal the penalties imposed by the amendment of 1870 (Chap. 163, Laws of 1870), upon banks taking unlawful interest.

Accordingly *held*, that as said act of 1880 contains no provision saving pending actions or existing rights of action, an action brought under the act of 1870 and pending at the time of the passage of the act of 1880 was not maintainable

*Nash* v *White's Bank of Buffalo* (37 Hun 57), reversed.

(Argued March 8, 1887, decided April 19, 1887 )

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 37 Hun, 57.)

This action was broght in 1873 to recover penalties alleged to have been incurred under the act (Chap. 163, Laws of 1870), by defendant in discounting paper at a greater rate of interest than seven per cent. It is reported upon a former appeal in 68 New York, 396. The judgment upon the report of the referee was entered in 1884.

*Sherman S. Rogers* for appellant. The referee should have nonsuited the plaintiff, as after the commencement of this action the legislature so modified the statute under which it was brought as practically to repeal the same and enact a new one, and the repealing statute contains no provision saving existing rights of action. (Laws of 1870, chap. 163 ; Laws of 1880, chap. 567 ; *Hartung* v. *People*, 22 N. Y. 95–97, *Knox* v. *Baldwin*, 80 id. 610, 613 ; *Moore* v. *Mausert*, 49 id. 332.) The repeal of a criminal or penal statute ends all prosecutions under it, and will even arrest a judgment in such an action. (*Rex* v. *Justices of Peace of London*, 3 Burr. 1456 ; *Miller's Case*, 1 W. Bl. 451 ; *Butler* v. *Palmer*, 1 Hill, 324 ; *Md.* v. *B. & O. R. R. Co.*, 3 How. [U. S.] 534 ; *Hartung* v. *People*, 22 N. Y. 95 ; *Knox* v. *Baldwin*, 8 id. 610 ; *Norris* v. *Crocker*, 13 How. [U. S.] 429 ; *Comm.* v. *Marshall*, 21 Pick. 350 ; *People ex rel. Fountain* v. *Sup'rs of Westchester Co.*, 4 Barb. 64 ; *Curtiss* v. *Leavitt*, 15 N. Y. 153, 154.) In the case of statutes prohibiting an act, except under specified circumstances, "the plaintiff is bound to negative those circumstances unless they are peculiarly within the defendant's knowledge." (Abb. Tr. Ev. 771 ; 1 Greenl. Ev. § 78 ; 3 id. § 24 ; *Coply* v. *Burton*, L. R. 5 C. P. 489.)

*Joel L. Walker* for respondent. If the intent of the legislature to repeal a former law remains in doubt, or suitable

words to effect that purpose have not been used, the former statute must be deemed to remain in force. (37 Hun, 54.) This action is penal in its nature and involves the purpose, not only to redress an injury, but also to punish a wrong, and the penalty is given only to the party who suffered loss by the wrong, by way of reparation. (1 R. S. part 2, chap. 4, tit. 3, §§ 3, 4, p. 772.) Where the language of a statute is equivocal or ambiguous, it is admissible to seek for the intention of the legislature in other acts *in pari materia*, passed before or after, whether repealed or unrepealed. (*Smith* v. *People*, 47 N. Y. 330, 339; *In re Rochester Water W'ks Com'rs*, 66 id. 414, 422; *Whipple* v. *Christian*, 80 id. 523, 527.) Later acts are to be considered in effect declaratory of the object and intent of the prior legislation. (*People ex rel.* v. *Davenport*, 91 N. Y 575, 591 ; *People ex rel.* v. *Lacombe*, 99 id. 43.)

*Per Curiam.* We are of opinion that the effect of the act of 1880 (Chap. 567) was to repeal the penalties imposed by chapter 163 of the laws of 1870, and that consequently this action, which was brought under the act of 1870, could no longer be maintained, the act of 1880 containing no provision saving pending actions or existing rights of action.

The provisions of the general repealing act of 1828 (§§ 6, 7) related only to the acts repealed by that statute and had no effect on subsequent legislation. (*Mongeon* v. *People*, 55 N. Y. 613.)

If the act of 1870 was repealed by the act of 1880 the subsequent legislation cannot affect this case, for it could not revive an extinguished cause of action.

The judgment should be reversed and complaint dismissed.

All concur, except DANFORTH, J., not voting.

Judgment reversed.