Rollins, S.
—On June 26, 1885, the surrogate made an order, directing the Union Trust Company to pay to Wellesly W. Gage, Esq., the sum of $10,900, out of the funds of the estate on deposit in such company. Such payment was subsequently made. On April 28,1881, the order aforesaid was vacated and set aside by an order which contained the provisions following:
First. That Anna K. Gilman, on whose behalf the payment to Gage had been directed to be made, should, within twenty days after service of a copy of said April order, repay said sum to the Union Trust Company, or should, within such time, deliver certain papers specified in said order to said Wellesly W.Gage, and pay to the Union Trust Company the sum of $425, and
Second. That, in the event of the delivery of said papers to Mr, Gage, he should within twenty days thereafter, pay to the Trust Company the sum of $10,415.
A motion is made that Mr. Gage and Miss Gilman be punished as for contempt of court, in disobeying the April order. The affidavits of the moving party, allege personal service of a copy of that order upon Mr. Gage, and upon Miss Gilman’s attorney, and show that the payment to the Trust Company directed by such order has not been made.
It is provided by section 2554 of the Code of Civil Procedure, that a decree ordering the payment of money may be enforced by an execution against the property of the party directed to make the payment. Section 2555 provides that, after the return of the execution unsatisfied, payment may be enforced by service of a certified copy of the decree, upon the party against whom it was rendered, and by punishment for contempt on refusal or wilful neglect to obey.
As it does not appear that any execution has been issued *719 in the present case, the sections above-cited do not warrant the action now invoked.
Section 2268 of the Code provides, that, “ Where a contempt of court consists in a neglect or refusal to obey an order of the court requiring the payment of a specified sum of money, and the court is satisfied by affidavit that a personal demand thereof has been made and that payment thereof has been refused or neglected, it may issue, without notice, a warrant to commit the offender to prison,” etc.
It is clear that this personal demand must be a demand by, or on behalf of the party to whom the order requires the payment to be made. Now it does not appear that the Union Trust Company has ever made or caused to be made, a personal demand for the payment of the sums heretofore directed to be restored to its custody. -
I find no other statutory provisions that seem to bear upon the present situation, except section 2269, which contemplates as the foundation of the contempt proceedings there referred to, the procurement of an order to show cause. No such order has been granted in the case at bar.
Proceedings dismissed.