KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—July, 1888.

KISSAM *v.* PEOPLE.

*In the matter of the estate of* DANIEL T. KISSAM, *de-
ceased.*

As to whether any tax, upon the passing of property under the will of a
    decedent dying before the date of the passage of the act, L. 1887,
    ch. 713, can be collected in proceedings instituted after that date—
    *quære.*
Matter of Miller, 47 *Hun,* 394; Nash v. White's Bank of Buffalo, 105 *N. Y.*,
    243—compared.

THE district attorney of Kings county, on Febru-
ary 15th, 1888, filed a petition setting forth that
decedent died October 24th, 1886, leaving an estate
exceeding $500 in value, and leaving, him surviving,
no father, mother, wife, children, brother, sister, lineal
descendants, wife or widow of a son, or husband of a
daughter, having any interest under his will; and
praying for a citation to Susan M. Kissam, the execu-

trix, to show cause why the property passing by the will should not be valued, and the tax thereon paid pursuant to L. 1885, ch. 483.

The executrix interposed a preliminary objection, that no part of the estate of decedent was liable to said tax, upon the ground that the act of 1885 had been repealed by the act L. 1887, ch. 713, amending the original act, and that "there is now no law under which the tax imposed by the act of 1885 can be collected, the said Daniel T. Kissam, having died in the latter part of the year 1886, and prior to the time when the amendatory act took effect"; and asked that the proceedings be dismissed.

JAS. W. RIDGWAY, *district attorney, petitioner.*

GERRITSEN & EASTMAN, *for executrix :*

Cited Nash v. White's Bank of Buffalo (105 *N. Y.,* 243; below, 37 *Hun,* 57); Ely v. Holton (15 *N. Y.,* 595); Moore v. Mausert (49 *N. Y.,* 332); Calhoun v. R. R. Co. (28 *Hun,* 379): distinguishing Matter of Miller (47 *Hun,* 394).

THE SURROGATE.—The General Term of the Supreme court in this Department has recently held, in the Matter of Miller (47 *Hun,* 394), that the operation of the act of 1887, amending the collateral inheritance act of 1885, by exempting devises and bequests to an adopted child from taxation under that act, did not affect liability for a tax which had been directed to be paid by an order of the Surrogate, under the law of 1885, prior to the passage of the amendment of 1887.

If the decision of the Supreme court rests upon the ground of the Surrogate's order, and a setting apart of the tax, it does not apply to this case. If the order is not the basis of the decision, then it seems to conflict with the decision of the Court of Appeals in the case of Nash v. White's Bank of Buffalo (105 *N. Y.*, 243). On the strength of the Court of Appeals case, the Surrogate of Niagara county has recently decided that the effect of the act of 1887 was to defeat the collection of a tax, under the act of 1885, due before the passage of the act of 1887, on a bequest to an adopted child.

I shall, for the present, overrule the objection of the executor in this case, and deny the motion to dismiss this proceeding, but as I understand, the Attorney General has directed the District Attorney of Niagara county to appeal from the last mentioned decision, I think proceedings in this matter should be stayed, pending the determination of that appeal.

Objection overruled, and motion to dismiss denied.