## In re KISSAM'S ESTATE.

*(Surrogate's Court, Kings County.   July, 1888.)*

PRACTICE IN CIVIL CASES—STAY OF PROCEEDINGS—APPEAL—LEGACY TAX.

Since it is unsettled whether Laws N. Y. 1885, c. 483, relating to the collateral inheritance tax, as amended by Laws 1887, c. 713, exempting devises and bequests to adopted children from taxation under that act, applies to a legacy to an adopted child, where the testator died between the passage of the act and the amendment thereto, a proceeding to enforce payment of the tax in such case will be stayed pending a decision of this question by the court of appeals.[1]

Petition by district attorney of Kings county for citation to Susan M. Kissam, as executrix of the will of Daniel Kissam, to show cause why the collateral inheritance tax should not be paid by the estate in accordance with Laws N. Y. 1885, c. 483. The defense relied upon was the amendment of 1887, exempting legatees who are also adopted children of the decedent.

*Jas. W. Ridgway,* Dist. Atty., *pro se. Gerritsen & Eastman,* for executrix.

LOTT, S. The general term of the supreme court in this department has recently held, in *Re Miller,* 47 Hun, 394, that the operation of the act of 1887, amending the collateral inheritance act of 1885, by exempting devises and bequests to an adopted child from taxation under that act, did not affect liability for a tax which had been directed to be paid by an order of the surrogate, under the law of 1885, prior to the passage of the amendment of 1887. If the decision of the supreme court rests upon the ground of the surrogate's order, and a setting apart of the tax, it does not apply to this case. If the order is not the basis of the decision, then it seems to conflict with the decision of the court of appeals in the case of *Nash* v. *Bank,* 105 N. Y. 243, 11 N. E. Rep. 946. On the strength of the court of appeals case, the surrogate of Niagara county has recently decided that the effect of the act of 1887 was to defeat the collection of a tax, under the act of 1885, due before the passage of the act of 1887, on a bequest to an adopted child. I shall for the present overrule the objection of the executor in this case, and deny the motion to dismiss this proceeding, but, as I understand the attorney general has directed the district attorney of Niagara county to appeal from the last-mentioned decision, I think proceedings in this matter should be stayed pending the determination of that appeal. Objection overruled, and motion to dismiss denied.