### *In re* RYAN'S ESTATE.

*(Surrogate's Court, New York County.* November 2, 1888.)

DESCENT AND DISTRIBUTION—COLLATERAL INHERITANCE TAX—RETROACTIVE LAWS.

Laws N. Y. 1885, c. 483, declaring that a tax on a legacy accrues at the death of the decedent, and that the market value of the property at the date of the death shall be assessed, etc., was amended by act June 25, 1887, so as to exempt a legatee who for more than 10 years stood in the relation of a mutually recognized child of decedent. *Held,* that the amendatory act was not retroactive, so as to exempt a legatee, where the testator died before the passage of the act, but proceedings to collect the tax were not instituted till after its passage.

Motion to confirm report of the appraisers of the estate of David Ryan, deceased. Margaret Donlon, a legatee under the will, contests her liability to pay a tax on the legacy. Laws N. Y. 1885, c. 483, imposes a collateral inheritance tax, and is the statute which is amended by the act of June 25, 1887.

*Graham McAdam,* for contestant. *Roswell W. Keene,* for executor and legatee.

RANSOM, S. Counsel for the executors claim that in this matter there is no tax due, as the only legatee reported by the appraiser as subject to the tax stood for more than 10 years in the mutually recognized relation of child to the decedent, and that the amendment which was passed on June 25, 1887, expressly exempted such from the payment of the tax, and although the decedent died in 1886, before the passage of the amendatory act, no step had been taken for the collection of the tax prior to the amendment, and that, therefore, the amendatory act intervened and retroacted sufficiently to exempt the legatee from the tax; and cite *In re Cayuga,* 46 Hun, 659, as authority. In that case the general term held that, where a party died between the two acts, and the necessary steps for the collection had not all been taken prior to the passage of the act of 1887, that the legatee, who was an adopted child, was not liable for the tax. This is really only an *obiter dictum* of the court,

as the case went off and was decided upon another point. It would seem impossible to reconcile that dictum with the express provisions of the statute which declares that the tax accrues at the date of the death of the decedent; that the appraiser is required to assess the fair market value of the property as of the date of death, and that interest shall run upon unpaid taxes from the date of death. The date of the death of decedent, therefore, would seem to be the pivot upon which the whole act turns; and it does not seem reasonable that the mere fact that the machinery was not put in motion for the collection of the tax until after the passage of an amendatory act should operate to prevent the state from collecting its taxes. The right of the state accrued at the date of death, and no subsequent act can deprive the state of its right, unless expressly so declared. The court of appeals in *Re Estate of Miller*, in an opinion handed down on the 2d of October last, (18 N. E. Rep. 139,) say "the rule is considered settled in this state that neither original statutes nor amendments have any retroactive force, unless in exceptional cases the legislature so declares. The act before us contains no such declaration, and there seems no reason to give the amendment any other force than would be due to the provisions of an independent statute." This would seem to dispose of the question, and an order should be made confirming the report of the appraiser, and assessing and fixing the tax.