### *In re* PROUT'S ESTATE.

(*Surrogate's Court, New York County.* December 10, 1888.)

1. DESCENT AND DISTRIBUTION—INHERITANCE TAX—INTEREST—WHEN REMITTED.

An order assessing and fixing the tax on a collateral inheritance will be modified so as to relieve the persons liable for the tax from the payment of interest at the rate of 10 per cent. for the period covered by the contests of the wills of two heirs at law of the decedent, pending which contest the estate of such heirs had no legal representative, under Laws N. Y. 1885, c. 483, § 5, providing that the penalty of 10 per cent. imposed for the non-payment of a tax on a collateral inheritance shall not

be charged where, by reason of claims against the estate, necessary litigation, or other unavoidable cause of delay, the estate cannot be settled at the end of a year from the death of the decedent.

2. SAME—ENFORCEMENT—CONTEMPT—EXECUTORS AND ADMINISTRATORS.

Laws N. Y. 1885, c. 483, § 16, provides that the enforcement of a decree on a ci-tation to persons interested in property liable for the payment of a collateral in-heritance tax to show cause why such tax should not be paid shall conform to the provisions of the Code of Civil Procedure as to such proceedings in surrogates' courts. Code Civil Proc. § 2553, provides for the docketing of a surrogate's decree in the same manner, and with the same effect, as judgments of the supreme court are docketed. Section 2554 provides for the enforcement of the decree by execu-tion. Section 2555 provides that a decree of the surrogate's court may be enforced by proceedings for contempt where it cannot be enforced by execution. *Held,* that an order for the payment of a collateral inheritance tax cannot be enforced by pro-ceedings for contempt against persons interested in the property liable for the tax other than administrators, etc., before the issuance and return of an execution on the decree of the surrogate.

Application for an order for the compulsory payment to the comptroller of a tax on collateral inheritance; also for an order modifying the rate of interest. on the tax. Laws N. Y. 1885, c. 483, § 5, provides that the penalty of 10 per cent., imposed for non-payment of such a tax, shall not be charged where, by reason of claims made upon the estate, necessary litigation, or other unavoid-able cause of delay, the estate cannot be settled within a year from the death of the decedent.

*Henry Hartman,* Asst. Dist. Atty., for comptroller.    *Frank L. Crawford,* for administrators.

RANSOM, S. On March 8, 1887, Surrogate ROLLINS granted an order in this proceeding, which was duly entered, assessing and fixing the tax provided by law for collateral inheritances, gifts, etc., which provided for the payment of interest from the date of the death of the decedent. The administrators did not pay the tax, and on March 5, 1888, the district attorney, on behalf of the comptroller, presented a petition, which was duly filed, praying that a citation issue to the persons interested in the property liable to the tax, and also to the administrators, citing all to show cause why the tax should not be paid. The citation was made returnable on the 5th of April, 1888. A ques-tion concerning the repeal of the act of 1885 by that of 1887 was raised, and decision in this proceeding was postponed, and the whole matter reserved un-til disposition by the court of appeals should be made of another case pending therein. The case in the court of appeals having been decided, (*Matter of Arnett,* 49 Hun, 599,[1]) this proceeding was restored to the day calendar on November 1st last. On the 7th of November last, a motion in this proceed-ing was made by the administrators for an order that the order of March 8, 1887, be modified so as to relieve the persons liable for the tax from the pay-ment of interest at the rate of 10 per cent., as provided by section 5 of the act, during the period of time covered by the contests on wills of two of the heirs at law of the decedent, who had died, one in January, 1887, and the other in May, 1887, both leaving wills, which were ultimately admitted to probate, the one in July, 1887, and the other in February, 1888; and that, during the pendency of these contests, neither of these two estates had legal representatives, and therefore the tax could not have been paid. This motion was argued on the 15th of November last, and two orders were submitted,— one by the administrators, simply making the desired modification as to in-terest; and another by the district attorney, making the same modification, and also providing for the compulsory payment of the tax, and, "in default thereof, granting leave to the district attorney to apply to the court for an at-tachment against the persons failing to pay the tax." Good cause is shown for modifying the order of March, 1887, in respect of interest claimed, in-

---

[1] 2 N. Y. Supp. 428.

cluding the time from the reservation of this proceeding until November 1, 1888, when it was again placed on the calendar.

The question is presented, which has received careful attention, whether the surrogate should order payment of the tax by the administrators or other persons liable therefor, and whether, should they refuse to obey the order, can he enforce obedience against them by proceedings as for a contempt? Section 1 of the act provides that "all administrators, executors, and trustees shall be liable for any and all such taxes until the same shall have been paid. * * *" Section 16 provides that, "if it shall appear to the surrogate's court that any tax accruing under this act has not been paid according to law, it shall issue a citation, citing the persons interested in the property liable to the tax to appear * * * and show cause why said tax should not be paid. The service of such citation, * * * and the hearing and determination thereof, and the enforcement of the determination or decree, shall conform to the provisions of the Code of Civil Procedure for the service of citations now issuing out of surrogates' courts, and the hearing and determination thereon and its enforcement. And the surrogate or clerk of the surrogate's court shall, upon the request of the district attorney, treasurer of the county, or comptroller of the county of New York, furnish, without fee, one or more transcripts of such decree, as provided in section 2553 of the Code of Civil Procedure; and the same shall be docketed and filed by the county clerk of any county, * * * with the same effect as provided by said section for filing and docketing transcripts of decrees of such courts." Section 17 provides that the district attorney, after being notified by the comptroller of the neglect or failure of the persons interested in the property liable to said tax to pay the same, "shall prosecute a proceeding in the surrogate's court, * * * as provided in section 16 of this act, for the enforcement and collection of such tax." Section 2553 of the Code of Civil Procedure provides that, "where a decree directs the payment of a sum of money into court, or to one or more persons therein designated, the surrogate or the clerk of the surrogate's court must, upon the payment of his fees, furnish to any person applying therefor one or more transcripts, duly attested, stating all the particulars with respect to the decree which are required by law to be entered in the clerk's docket-book where a judgment for a sum of money is rendered in the supreme court, so far as the provisions of law directing such entries are applicable to such a decree. Each county clerk to whom such a transcript is presented must, upon payment of his fees, immediately file it, and docket the decree in the appropriate docket-book kept in his office, as prescribed by law for docketing a judgment of the supreme court. The docketing of such a decree has the same force and effect, the lien thereof may be suspended or discharged, and the decree may be assigned or satisfied, as if it was such a judgment." Section 2554 provides for the enforcement of the decree by execution. Section 2555 provides for the punishment for contempt as follows: "In either of the following cases a decree of the surrogate's court, directing the payment of money, or requiring the performance of any other act, may be enforced by serving a certified copy thereof upon the party against whom it is rendered, or the officer or person who is required thereby or by law to obey it; and, if he refuses, or willfully neglects to obey it, by punishing him for a contempt of court: (1) Where it cannot be enforced by execution as prescribed in the last section."

In Re McPherson, 104 N. Y. 306, 10 N. E. Rep. 685, Judge EARL, in delivering the opinion of the court of appeals upon the question of the constitutionality of the act, says: "There is still further opportunity to be heard under section 16 of the act. * * * So, too, under this section, after the tax has been imposed, no person can be compelled to pay it until a citation has been regularly served upon him, and he has had ample opportunity to be heard. Upon the return of the citation, it is not specified in the section what

·cause can be shown against the payment of the tax; but it is clear that the person thus cited may allege any reason whatever which shows that he ought not to pay it. * * * It is also objected that the act confers powers upon surrogates' courts not authorized by, and contrary to, the constitution. There is nothing in the constitution which in any way specifies or defines the powers or duties of surrogates. They are recognized in various sections of the constitution, and they have been known to the laws of the state since the foundation of our government. Their jurisdiction has, from time to time, been defined in the statutes, and from time to time extended and enlarged. Surrogates' courts have always had jurisdiction of the administration, adjustment, and settlement of the estates of deceased persons; and the imposition and collection of this tax are simply incidents in the final settlement and adjustment of such estates, and are in no way foreign to the jurisdiction which has generally been exercised by such courts." Section 1 of the act provides: "Administrators, executors, and trustees shall be liable for any and all such taxes until the same shall have been paid;" and the act gives them power to sell "so much of the property of the decedents as will enable them to pay said tax in the same manner as they may be enabled by law to do for the payment of debts of their testators and intestates." The surrogate's court has authority over its appointees, and can compel them to obey its decrees. There can be no doubt, I think, that under a statute imposing a duty upon the surrogate to assess and fix a tax, that it also gives him the power to enforce its payment by such proceedings as are provided for the enforcement of the decrees of this court. In regard to persons interested in the property liable to the tax other than administrators, executors, and trustees, I am of opinion the surrogate can, on the return of an execution issued upon his decree, as already seen, enforce the decree as provided in section 2555 of the Code. This provision of the statute has received judicial construction. See *Estate of Gilman*, 6 Dem. Sur. 358. I conclude, therefore, that an order should be handed up modifying the order of March 8, 1887, in the respects indicated as to the interest, and requiring all parties subject to the tax,—giving the precise amount due and unpaid,—including the administrators, to pay to the comptroller at a time to be fixed the tax assessed and fixed by said order of March 8, 1887. The paragraph of the order proposed by the district attorney, to the effect that in default of payment he shall have leave to apply to the court for an attachment against the persons failing to pay, cannot be approved for the reasons stated. As to the persons interested in the property liable to the tax, execution must first issue. As to the administrators, executors, and trustees, application can be made to the court without leave.