## *In re* KEMEYS' ESTATE.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

COLLATERAL INHERITANCE TAX—WHEN STATUTE TAKES EFFECT.

Laws N. Y. 1887, c. 713, exempting legacies to adopted children from the collateral inheritance tax, declares that "this act shall take effect immediately." 1 Rev. St. N. Y. p. 157, § 12, (8th Ed. p. 471,) declares that every law, unless a different time is prescribed, shall take effect on the twentieth day after the day of its final passage. *Held*, that the former act took effect immediately on its approval by the governor, on June 14, 1889, and not on the day of its final passage by the legislature, and was inapplicable to an order of the surrogate, made before such date, assessing the collateral inheritance tax on a legacy to an adopted child.

Appeal from surrogate's court, New York county.

On the report of the appraisers of the estate of Catharine T. Kemeys, deceased, an order of confirmation was entered, and the collateral inheritance tax assessed. Walter T. Kemeys appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*S. Jones,* for appellant. *B. F. Dos Passos,* for respondent.

BARRETT, J. The real question presented by this appeal is whether an act of the legislature which specifies that it shall take effect "immediately" so takes effect upon its passage by both houses, or upon its approval by the governor. The appellant's contention is that, although it only became a law upon the governor's approval, yet upon such approval it took effect, by legal relation, from the date of its passage; and he cites *Latless* v. *Holmes,* 4 Term R. 660, in support of this contention. In that case it was held, reaffirming

the rule laid down in *Panter's Case*, 6 Brown, Parl. Cas. 486, that, "where no specific day is mentioned in an act of parliament from which it is to take effect, it commences, by legal relation, from the first day of the sessions." We have no such rule in this state, and such a fiction of law would work great injustice. All fictions and presumptions upon the subject are here changed by the Revised Statutes, (1 Rev. St. p. 157, § 12,) which provides that "every law, unless a different time shall be prescribed therein, shall commence and take effect throughout the state on, and not before, the twentieth day after the day of its final passage, as certified by the secretary of state." In the present instance the legislature has prescribed a different time, namely, "immediately." That, however, does not mean immediately upon the passage of the act by both houses, but immediately upon its becoming a law in the constitutional way. In the absence of an express declaration to that effect, the legislature is not presumed to have given retroactive force to its enactment; and it certainly would give the act retroactive force to say that upon its becoming a law it should take effect at a prior date. This is the only reasonable view of the matter; and it is emphasized by the act of 1888, (chapter 4, amending section 2 of chapter 306 of the Laws of 1842,) which requires the secretary of state, in publishing the statutes, to insert immediately under the title of each act the date when it became a law, instead of, as formerly, the date of its passage. Now, the Session Laws, as published annually, do not show when the various acts were passed. If, therefore, the phrase, "this act shall take effect immediately," be construed to mean immediately upon its passage by both houses, we would have to go behind the printed laws, as certified by the secretary of state, and ascertain when, as matter of fact, the particular bill passed. We are therefore of opinion that the phrase in question was simply intended to operate against the 20-day provision of the Revised Statutes, and that the act took effect immediately upon its approval by the governor, and not before.

This conclusion is decisive of the present appeal. Mrs. Kemeys died on the 6th of November, 1885. Under her will, her residuary estate plainly vested in Walter T. Kemeys. As the law stood at the time of Mrs. Kemeys' death, Walter T. Kemeys was not exempt from the collateral inheritance tax. Laws 1885, c. 483. The law exempting persons who, like Mr. Kemeys, stood to the deceased, for not less than 10 years prior to her death, in the mutually acknowledged relation of child, was not passed until 1887, (chapter 713,) and it has been decisively held that this latter law was not retroactive. *In re Miller*, 110 N. Y. 217, 18 N. E. Rep. 139. There have been differences of opinion, however, as to whether, in a case of this acknowledged relation, the legal machinery for the assessment of the tax could be set in motion, or, if set in motion, the assessment ordered, after the act of 1887 went into effect. In *Re Cager*, 46 Hun, 659, it was held that it could not, while in *Re Arnett's Estate*, 2 N. Y. Supp. 428, it was held that it could. And see *Kissam* v. *People*, 6 Dem. Sur. 171,[1] and *In re Ryan's Estate*, 3 N. Y. Supp. 136. The reasoning in the *Cager Case* was disapproved on appeal, (111 N. Y. 347, 18 N. E. Rep. 866,) while the views of DWIGHT, J., in the *Arnett Case* seem to be entirely satisfactory. He says that "there is nothing in the history or character of the new scheme of taxation to suggest a purpose to grant exemption from its operation in the limited number of cases in which the tax accrued under the original act, [1885,] and was uncollected at the time of the passage of the amendment, [1887.]" The right to the tax vested under the act of 1885; and, as that vested right was not taken away by the act of 1887, but merely withdrawn for the future, there could be no good reason why such vested right should not be enforced after the amendatory act as well as before. This was clearly recognized by the legislature in the passage of the act of 1889.

[1] 3 N. Y. Supp. 135.

Otherwise this latter act would have been superfluous. It provides as follows, (chapter 479:) "Section 1. Section 25 of chapter 713 of the Laws of 1887, entitled, 'An act to amend chapter 483 of the Laws of 1885, entitled "An act to tax gifts, legacies, and collateral inheritances in certain cases," ' is hereby amended so as to read as follows: 'Sec. 25. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed, but this act shall apply to all estates of deceased persons where no assessment of the tax has been made to which such estate or estates are liable under the provisions of the foregoing act.' Sec. 2. This act shall take effect immediately." This amendment, however, under the construction given to it in the first part of this opinion, only went into effect on the 14th day of June, 1889, while the final order of the surrogate, assessing the tax, was made on the 27th day of the preceding May. The amendment, therefore, was inapplicable to this order, and did not disturb its force or effect. It follows that the orders of the surrogate should be affirmed, with costs. All concur.