Davie, S.
Testatrix died at the town of Hinsdale, Cattaraugus County, on the 18th day of February, 1887. Her last will and testament was admitted to probate on the 14th day of March following, and letters thereupon issued to the executor therein named. Testatrix devised her ■ real estate and bequeathed $1,000 in money to Ellen P. Thompson, and the balance of her estate to Helen TJ. Hicks. Ho proceedings having been instituted by the executor for the purpose of determining the amount of tax to which sáid estate was apparently liable under the provisions of chapter 483, Laws 1885, an appraiser was appointed upon the surrogate’s own motion, for the purpose of determining the value of said estate, pursuant to the requirement of section 13 of said act. From the report of such appraisal, filed on the 10th day of April, 1893, it appears that the fair market value of the real estate of which'testatrix died ■'seized was $1,000, and of the personal estate, $6,550. Upon the proceedings before the surrogate to determine the tax, upon such report, the executor and legatees appear and claim exemption from taxation upon the alleged grounds-—First, that testatrix sustained the mutually-acknowledged relation of parent to the legatees for more than ten years next preceding her death; *466 and, second, that the entire personal estate of testatrix came into this State after her death, simply for the purpose of distribution.
From the evidence taken in this proceeding, it appears that these legatees were not related to the testatrix, nor had they been legally adopted by her, in conformity with the laws of this. State; but for more than ten years prior to her death the. mutually acknowledged relation of parent and child had existed between testatrix and the legatees. They each began residing with testatrix in early infancy, having no home of their own,, and no means of support, and were maintained and "educated by the testatrix, assumed her name, called her “mother,” and she exercised the same parental care over, and manifested the same affection for, each of them, as if they had in fact been her own children. Under the provisions of chapter 483, Laws 1885, such relationship, however long continued, was of no consequence. Legacies to adopted children, or those standing in that relation, of real or personal property, of the value of $500 or over, were made liable to taxation. By chapter 713, Laws 1887, adopted children, and persons to whom the testator had sustained the relation of parent for ten years, were exempted from such taxation; but it did not in express terms, or legal effect, grant exemption from the operation of the act of 1885, in the limited number of cases in which the tax had accrued under the original act, and was uncollected at the time of the passage of the amendment. In re Cayuga Co., 46 Hun, 659 ; id., 111 N. Y. 343, 18 N. E. Rep. 866; In re Kemeys, 56 Hun, 118, 9 N. Y. Supp. 182. Section 25 of this amendatory act is as follows: “All actsPr parts of acts inconsistent with this act are hereby repealed.” And this section was amended by chapter 479, Laws 1889, so as to read as follows: “All acts and parts of acts inconsistent with the provisions of this act are hereby repealed, but this act shall apply to all estates of deceased persons where no assessment of tax has been made, to which such estate or estates are liable, under the provisions of the foregoing act.”
*467 The assessment not having been made in this case at the time of the passage of the act of 1889, the exemption to adopted children provided by chapter 713, Laws 1887, became operative in this case; and these two legatees, in consequence, stood in the same situation as if the clause exempting them had been contained in the original act. By chapter 399, Laws 1892, the laws relating to taxable transfers of property were still further modified, and section 23 of the act of 1892 provides as follows: “Of the laws enumerated in the schedule hereto annexed, that portion specified in the last column is repealed.” In the column of said schedule is all of chapter 479, Laws 1889, but the “saving clause” in the act of 1892 provides as follows: “The repeal of a law, or any part of it, specified in the annexed schedule, shall not affect or impair any act done or right accruing, accrued or acquired * * * prior to May 1, 1892, but the same may be asserted, enforced * * * as fully and to the same extent as if such law had not been repealed.”
The legatees in this case having acquired a right under the provisions of chapter 479, Laws 1889—that is, the privilege of exemption from taxation under the provisions of the act of 1885—such right was not divested by the adoption of the act of 1892, the “saving clause” of such act preventing that result. Hence it must be held, in this case, that the estate of testatrix is not subject to taxation.
The conclusions thus reached are not to any extent in conflict with the rule established in Be Kemeys, above cited. In that case, where a tax had become payable under the act of 1885, upon a gift by testatrix to an adopted child, there had not only been an assessment, but an order made by the surrogate, fixing and determining such tax, on the 27th day of May, 1887; and it was accordingly held that the right of the State to collect this tax was not taken away by chapter 479, Laws 1889, which went into effect June 14, 1889. But this case distinctly recognizes the intention and design of the Legislature by the enactment of chapter 479, Laws 1889, to create an exemption in *468 those cases where no assessment had been made prior to the .act of 1887.
It further appeared from the evidence that the personal estate of said deceased consisted exclusively of her distributive .share in the estate of a deceased sister, who resided at the time of'her death in the city of Cleveland and State of Ohio; that no part of said estate had come into the possession of the testatrix prior to her death, aside from the certificates of stock hereinafter mentioned, but the same consisted of money remitted directly from the trustee of the estate of said deceased sister to the executor herein, for the purposes of distribution. That portion of t the personal estate is not liable to taxation. In re Swift (Sup.), 19 N. Y. 292.
. At the time-of the death of the testatrix, she was the owner of, and had in her possession, certificates for 10 shares of the capital stock of the Cleveland & Pittsburgh Railroad Company, of the value of $500; also certificates for 40 shares of the capital stock of the People’s Gaslight Company of the city of Cleveland, .of the value of $1,000. Both of these companies were foreign corporations organized under the laws of Ohio and Pennsylvania. Testatrix had derived title to such stock from the estate qf said deceased sister. The dividends accruing upon such stock were made payable at the home office of such corporations, in the city of Cleveland, and by the terms of said certificates they could be transferred only upon presentation at such office. The executor, after qualifying as such, sent these certificates to Cleveland, where they weare.negotiated at their face value, and tire money derived therefrom remitted to the executor. It has been held that stock of‘corporations created under the laws of other States, owned by residents of this State, are nob assessable for the purpose of general taxation. People v. Commissioners of Taxes, 4 Hun, 595. The court, in the opinion in that case, ■says: “Such corporations are taxable, and we must presume, in the absence of proof, that taxes in their respective home States are duly assessed and collected upon their capital stock or property. The stock in such corporations, held by individu *469 als here, are simply representatives of capital or property employed in business in other States, the title to which is vested in, and controlled by, the artificial person created by, and residing in, such State; they represent an interest which "is or may become a membership in the corporation, and evidence to participate in divided profits, and in the ultimate dividend of surplus after the payment of debts and obligations of the corporation. The stock certificates are not themselves the property, but. evidences of the rights just mentioned, to be possessed, enjoyed and enforced under and in conformity with the laws of the State which created the body corporate. The property of the corporation, whether real or personal, in which these certificates of legal or equitable rights are outstanding, is not within the State, which by the general statute is the test of taxability.”
While a succession tax is not a tax on the property, but upon, the privilege of succeeding to the inheritance (Cooley, Tax’n [2nd Ed.], 30), I am of the opinion that the reasons suggested in the opinion cited are cogent in leading to the conclusion that such certificates of stock are not property within this State, subject to taxation under the provisions of chapter 483, Laws 1885,. or acts amending the same.