*UTICA,*
*Aug. 1824.*

Small
v.
M'Chesney.

---

### SMALL *against* M'CHESNEY.

M. HOFFMAN, moved to set aside the execution and subsequent proceedings in this cause. He shewed, by affidavit, that the execution had issued against the defendant and been levied before the record of judgment, which was by bond and warrant of attorney, had been filed; that is to say, the execution was issued and levied between 2 and 4 o'clock in the morning of the *13th July,* 1824, whereas the judgment was not signed till about 11 o'clock of the same morning, and the record was not filed till 4 P. M. of the same day.

He relied upon *Barrie* v. *Dana,* (20 *John.* 309) and *Lemon* v. *Heirs of Staats,* (1 *Cowen's Rep.* 592.) The Court said, in the latter case, they would examine the fractions of a day when necessary for the purposes of justice; and it is surely so here. Had the defendant been allowed time to pay the money till the record was filed, perhaps no execution would have been necessary.

*L. Ford,* contra, said that *Barrie* v. *Dana* was the case of an execution issued several days after the record filed. Fractions of a day were not in question.

*Curia.* The party who moves has sustained no injury by this proceeding. He does not shew that the money would

The law will not notice the fractions of a day, as between the parties, in order to determine whether the judgment record was filed before execution issued, unless to prevent actual injustice.

have been paid, and farther costs prevented, had execution been delayed till after the filing of the record. The whole proceeding is on the same day, which the law will not divide into fractions, unless this be necessary for the purpose of guarding against injustice. Here has been none. The ob-- jection is merely technical, and the technical answer is enough where there has been no injury from the proceeding.

Motion denied.