Griswold *v.* Atlantic Dock Company

———•—•——

21b 225
150a 239

Ann M. Griswold and Mary Griswold *vs.* The Atlantic Dock Company, William H. Imlay, James Voorhies and others.

The Same plaintiffs *vs.* The Same, and other, defendants.

The city court of Brooklyn has jurisdiction of actions for the foreclosure of mortgages on real estate situated in that city.

The 2d section of the act of March 24, 1849, establishing that court, by which jurisdiction was conferred upon such court, in the actions enumerated in section 103 of the code of procedure, when the cause of action should have arisen, or the subject matter of the action should be situated, within the said

Griswold v. Atlantic Dock Company.

city, referred to the only code of procedure then existing, viz: that of April, 1848, and not to the code which went into operation on the 1st of May, 1849, the same day on which the act in question took effect.

It is well settled that the operative power of statutes going into effect on the same day, commences at the same moment. Neither has precedence of the other. But as to the subject matters upon which they operate, the enactments may or may not refer to each other. One may refer to its cotemporary, or to a pre-existing act.

In matters of description, a statute must necessarily refer to things as they exist at the time of its passage, not to future occurrences; especially where they are problematical.

On the 14th of August, 1846, the Atlantic Dock Company executed a conveyance of certain premises, with full covenants as to the title, to I., T. and V., as joint tenants. On the 18th of December, 1846, the company, to remove a cloud from the title, took a conveyance from the corporation of the city of New York, of its title and interest in the same premises. On the 6th of June, 1847, the company, being indebted to G. in the sum of $30,000, executed to him two bonds, each for $15,000, and to secure the payment thereof, I. T. and V. who held the property in some way for the benefit of the company, executed, at the request of the company, two bonds to G. for $15,000 each, accompanied by two mortgages each for the same amount, upon the premises in question. S. was president of the company at the time, and executed the mortgages as attorney for one of the mortgagors. He subsequently took a conveyance of a part of the mortgaged premises, from the company. In actions brought to foreclose the mortgages, the Atlantic Dock Company and S. their president and grantee, objected to the foreclosure of the same as against them, on the ground that the title from the corporation of New York, being derived after the conveyance to I., T. and V., was paramount to the liens under the mortgages from them.

*Held*, 1. That, as those mortgages were given for debts due from the company, and that fact was known to S., their president, when he took his conveyance, the defense raised by them was most inequitable, and it would be a reproach to our laws if it could prevail.

2. That S. was a purchaser not only with full notice, but subject to any estoppel applicable to the company or the mortgagors.

3. That even if the alleged title of the corporation of the city of New York was proved, it would not countervail the solemn admissions of title made by the company in the covenants contained in their conveyances to the mortgagors. That the mortgages, being given after the conveyance from the corporation of New York to the company, and with the full approbation as well as knowledge of its managers, if they intended to claim the property under what they now allege to be a paramount title, they should have so declared at the time, and that having omitted so to speak then, they were estopped from doing so now.

---

Griswold *v.* Atlantic Dock Company.

---

APPEAL by the defendants from judgments of the city court of Brooklyn, directing the foreclosure of mortgages. The opinion states the material facts.

*Mann, Rodman & Pierson,* for the plaintiffs.

*Geo. C. Blanke,* for the defendants.

*By the Court,* S. B. STRONG, J.   It is objected by the defendants' counsel, that the city court of Brooklyn had not jurisdiction of the subject matter of the action in these causes. The suits were instituted for the foreclosure of mortgages of real property situated in that city. The act establishing that court was passed on the 24th of March, 1849, but did not take full effect until the 1st of May in the same year. By the 2d section of that act, jurisdiction was conferred upon the city court of Brooklyn, in the actions enumerated in section 103 of the code of procedure, when the cause of action shall have arisen or the subject of the action shall be situated within the said city. The only code of procedure in existence in this state, when the act organizing the city court of Brooklyn was passed, was that adopted on the 12th of April, 1848. The 103d section of that code "enumerated" actions for the foreclosure of mortgages of real property. Most undoubtedly this Brooklyn act referred to the existing code. The legislature could not then have anticipated that another code would be subsequently passed which should also go into operation on the 1st of May, 1849. The intent is very evident. It would be preposterous to infer any other. It is supposed, however, by the defendants' counsel, that as the two enactments went into operation on the same day, they must be construed together; and that as the 103d section of the then new code did not enumerate the actions in question, but applied only to the period for the commencement of suits when aliens, subjects or citizens of a country at war with the United States, are parties, the city court never had jurisdiction

of actions for the foreclosure of mortgages. No doubt the operative power of statutes going into effect on the same day commences at the same moment. Neither has precedence of the other. But as to the subject matters upon which they operate, the enactments may or may not refer to each other; one may refer to its cotemporary, or to a pre-existing act. Had the Brooklyn act specified the 103d section of the code of 1848, there would of course have been no question about the matter. Although it did not thus speak directly, it did in effect. In matters of description a statute must necessarily refer to things as they exist at the time of its passage, not to future occurrences, and especially when they are problematical. The Brooklyn act undoubtedly referred to the code of 1848, and it must be so construed. The court below, therefore, had the requisite jurisdiction.

The Atlantic Dock Company, on the 14th of August, 1846, executed a conveyance, with full covenants as to the title, of the mortgaged premises to Imlay, Townsend and Voorhies as joint tenants. Subsequently, on the 13th of December in the same year, the company, to remove a cloud from the title, took a conveyance from the corporation of the city of New York, of its title and interest in certain lands, including the mortgaged premises. On the 6th of January, 1847, the company being indebted to Nathaniel L. Griswold and William Griswold, as executors of a deceased creditor, in the sum of $30,000, executed to said executors two bonds, each for $15,000. On the same day Imlay, Townsend and Voorhies, who held the mortgaged property in some way for the benefit of the company, at its request and to secure the payment of its said debt, executed two bonds to the Griswolds for $15,000 each, and the two mortgages for the foreclosure of which these suits were instituted. The defendant Stranahan subsequently took a conveyance of a part of the mortgaged premises. He, however, was president of the company and executed the mortgages as attorney for one of the mortgagors, and was therefore not only a purchaser with

full notice, but subject to any estoppel applicable to the company or the mortgagors. The other defendants deriving title under him have not appeared.

The Atlantic Dock Company and their president and grantee now object to the foreclosure of the mortgages as against them, on the ground that the title from the corporation of New York being derived after the conveyance to Imlay, Townsend and Voorhies, is paramount to the liens under the mortgages from them. As those mortgages were given for debts due from the company, and that fact was known to their president Stranahan when he took his conveyance, the defense raised by them is most inequitable, and it would be a reproach to our laws if it could prevail. There are, however, two objections, each of which is fatal to its validity. The first is, that the alleged title of the corporation of the city of New York is not sufficiently proved. The terms of the conveyance and the amount of the consideration indicate the uncertainty and weakness of the claim. The plan of the city of New York, as surveyed in 1766 and 1767, and the two commissioners' maps of the city of Brooklyn which were given in evidence, are not before this court, and if they had been submitted to us they could not have countervailed the solemn admissions of title made by the company in the covenants contained in their conveyance to the mortgagors. But the mortgages were given after the conveyance from the corporation of New York to the company, as I have already intimated, to secure the payment of its debt, and of course with the full approbation as well as knowledge of its managers. If they intended to claim the property under what they now allege to be a paramount title they should have so declared at the time. Having omitted so to speak, then, they are estopped from doing so now. A rule so just and equitable needs no authority to establish or support it. It was fully recognized by Chancellor Kent, in *Lee* v. *Porter*, (5 *John. Ch.* 275,) where he says: "I doubt whether this court has ever given relief against an incumbrance in consequence of some outstanding claim which the debtor, for greater caution, chooses

to buy in before it has ever received a judicial determination and sanction in a suit in which all proper persons were parties, or were called to put forward their title."

The judgments in both cases must be affirmed, with costs.

[Kings General Term, December 3, 1855. *Brown, S. B. Strong* and *Rockwell,* Justices.]