## TRIST *a.* CABENAS.

*New York Superior Court; General Term, October, 1864.*

REPORT OF REFEREE APPOINTED BEFORE ACT OF 1862.—CONSTRUCTION OF STATUTE.

The Act of 1862 (Laws of 1862, ch. 460, amending section 273 of the Code of Procedure), which requires referees to report within sixty days after final submission, and declares that in default thereof they shall receive no fees, and the action shall proceed as if no reference had been ordered,—does not apply to the case of a referee acting under an order of reference made prior to the time that act took effect.

In applying statutes affecting remedies, proceedings already pending at the time of their enactment are to be deemed exempt from their operation, unless a contrary intent appears.

Appeal from an order refusing to set aside a judgment entered on a referee's report.

This action, which was brought by Nicholas P. Trist against Joseph A. De Cabenas, executor, &c., was at issue and was referred to a referee some time during the year 1860. In March, 1862, the case was submitted to the referee for his decision. The time for the referee to make his report was not extended by the order of the court or the consent of parties.

On the 5th of May, 1864, the referee not having made his report, the appellant noticed the cause for trial at a special term of this court, to be held on the first Monday of June thereafter.

On the 13th of May the appellant was served with a copy of the referee's report (bearing date May 7, 1864), and notice that judgment was entered on that day in favor of the respondent for $539.63.

The respondent then moved at a special term to set the report and the judgment aside; and the motion being denied, he now appealed.

*G. Tillotson,* for the appellant.

*D. B. Eaton,* for the respondent.

By THE COURT.*—MONELL, J.—The only question in this case is, whether the provisions of section 273 of the Code, as amended April 23, 1862, are applicable to it.

The section, as amended, provides as follows: "Unless the court shall otherwise order, the referee or referees shall make and deliver his report within sixty days from the time the action shall be finally submitted, and in default thereof said referee or referees shall not be entitled to receive any fees, and the action shall proceed as though no reference had been ordered." If these provisions are applicable to this case, then I am of opinion that the service of a notice of trial was a sufficient disaffirmance of the reference to render the subsequent report of the referee, and judgment thereon, irregular. That the cause was finally submitted to the referee for his decision in March, 1862, I do not regard as disputed. The request of the referee to be furnished with an authority upon a question involved in the case was a mere shifting of the labor of looking up the law, from the referee to the counsel, and cannot be considered a reopening of the case. I assume, therefore, as the fact, that the amendment of section 273, above quoted, was passed and took effect after this cause had been "finally submitted" to the referee.

There is nothing in the amendment indicating an intention to give it a retroactive effect, nor that it shall be applicable only in future cases; and we are left to determine the question by ascertaining from the letter of the statute what was the intention of the law-makers.

Prior to this amendment no restriction as to time for making a report was placed upon a referee. He could, however, be compelled by mandamus to proceed and decide.

In all statutes which affect or change a remedy, it is but fair to presume that it was intended to exempt pending cases and proceedings from their operation, unless the contrary appears, especially where the change might prejudice or injure the rights of parties. As a general rule, all statutes take effect from the time of their passage, or within twenty days thereafter. They can have no force or efficiency previous to that time; and statutes which afford or affect remedies in civil actions are

* Present, ROBERTSON, Ch. J., MONELL and GARVIN, JJ.

usually designed to supply defects or confer new rights. It is not uncommon in statutes to apply them in terms to, or to exempt them from, pending proceedings. Instances of this frequently occur in the Code. (See sections 258 and 455 and 294, 328 and 364, as amended in 1863.) When the statute is silent, it must be presumed that it was the intention to limit its operations to the period of time when it took effect, and to fasten its provisions only upon such proceedings as might be commenced thereafter. Suppose, in the case before us, that the cause had been finally submitted to the referee more than sixty days when the amendment of 1862 was passed, then, upon the construction claimed by the appellant's counsel, either party might immediately, upon the act taking effect, not only have deprived the referee of his fees, but have abandoned the reference, and proceeded to trial as if no reference had been ordered.

It cannot be that the Legislature intended that any such construction should be put upon the statute. And the omission to apply it, in terms, to pending actions, confirms me in the belief that it was to have no retroactive effect.

The act establishing the City Court of Brooklyn was passed March, 1849, but did not go into effect until May 1, 1849. The act conferred jurisdiction upon that court "in the actions enumerated in section 103 of the Code of Procedure." The question arose whether the amendment of that section in 1849 (the amendment taking effect May 1, 1849), was applicable, and whether the city court could exercise the enlarged jurisdiction embraced in the amendment; and it was held that it could not. (Griswold a. Atlantic Dock Co., 21 *Barb.*, 225.) The court say the act undoubtedly referred to the existing Code, inasmuch as the Legislature could not have anticipated that another Code would be subsequently passed, which should go into operation on the same day with the act organizing the court.

In Ely a. Holton (15 *N. Y.*, 595), the question was whether the amendment of the eleventh section of the Code, which took effect May 6, 1857, allowing an appeal from an order granting a new trial, and, also, in cases arising in a justice's court, was applicable to orders and judgments entered prior thereto, and the court held it was not. The amendment of the 273d section is in form like that of section eleven, namely, that it be amended "so as to read as follows," transcribing, and apparently re-

enacting the whole section, with the amendment included. Judge Denio, in the case just referred to, says: "The theory of amendments made in the form adopted in the present instance we take to be this: the portions of the section which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect." And the court limit the amendment to cases arising after it took effect. The case of The People a. Carnel, 6 *N. Y.* (2 *Seld.*), 463, is referred to and approved. There it was decided that the Act of March 22, 1852, 76, ch. 82, did not authorize a writ of error in behalf of the people where the judgment sought to be reviewed was rendered before the act was passed. The act is silent as to its application to past or future judgments.

The late Chancellor says, in Wood a. Oakley (11 *Paige*, 400, 403): "Courts will apply new statutes only to future cases which may arise, unless there is something in the nature of the new provisions adopted by the Legislature, or in the language of such new statutes, which show that they were intended to have a retrospective operation." The principle of the cases of Dash a. Van Kleeck (7 *Johns.*, 489), Bates a. Stearns (23 *Wend.*, 481), and Berley a, Rampacher (5 *Duer*, 188), is in point.

The case was submitted to the referee for his decision before the amendment was passed. The language of the amendment is: "Within sixty days from the time the action shall be" (not shall have been) "finally submitted." It contemplates a future submission—a final submission to the referee after the amendment was passed and took effect; and it would be imputing a design on the part of the Legislature to impair and injure suitors in seeking their remedies, should we extend the operation of the statute, so as to cover existing submissions.

I am therefore of opinion there was no irregularity in the referee's making his report, nor in the entering of judgment upon it.

The order should be affirmed, with costs.