Wood v. Fort et al.

# WOOD *vs.* FORT ET. AL.

[MOTION FOR AFFIRMANCE OF JUDGMENT ON CERTIFICATE.]

1. *Act of February 18th,* 1867, *to prevent discontinuance of undecided appeals.*—The act, approved February, 1867, entitled, "an act to prevent undecided appeals to the supreme court from losing their force, by discontinuance, or otherwise, unless the *appellant* move for a discontinuance, after legal cause therefor has occurred,"—*held,* to have been of force during the entire day of its approval.

2. *A remedial statute, not penal, of force during entire day of approval.*—
"A public statute, remedial in its character, and not prescribing pun-
ishments, is of force during the entire day of its approval, and the law
in reference thereto, does not recognize any fraction of a day."—(*Held*,
further, on this point, "that the decisions are not entirely harmonious.")

APPEAL from the Circuit Court of Russell.
MOTION for an affirmance of a judgment on certificate.

STONE, CLOPTON & CLANTON, for the motion.
No counsel opposed the motion.

A. J. WALKER, C. J.—On the 18th February, 1867,
an act was approved, which declared that "no undecided
appeal to the supreme court heretofore or thereafter taken,
should be deemed or treated as discontinued, or as having
otherwise lost its force, unless the *appellant* should duly
move for a discontinuance, after the legal cause for a dis-
continuance had occurred." In the case of *Carlton &
Slade v. Betts*, in manuscript, we held that statute to be
unconstitutional in its application to appeals taken before
its adoption. We have now a motion for an affirmance on
certificate of a judgment from which the appeal was taken
on the day of the approval of that act. Without the aid
of that act the appeal has lost its vitality. Therefore, the
right of the appellee to an affirmance depends upon the
question whether the act is to be deemed to have been of
force during the entire day of its approval. Upon authority
and principles of policy and convenience, carefully limiting
ourselves by the necessities of this case, we decide that a
public statute, remedial in its character, and not prescribing
punishments or penalties, is of force during the entire day
of its approval, and that the law in reference thereto does
not recognize any fraction of a day. Yet we concede that
the decisions are not entirely harmonious.—*In re Wilman*,
20 Ver. 653; *Arnold v. The United States*, 9 Cranch, 104,
119; 1 Kent, 455; *Joseph Richardson*, 6 Law Reporter,
392; *David Hawes*, ib. 297; Sedgwick on S. & C. Law, 78,
84; *Eliza v. State*, 39 Ala. 693; *Mobile & Ohio R. R. Co. v.
State*, 39 Ala. 573.

The affirmance of the judgment of the court below is
granted.