ANTONY CROVENO, an Infant, by MARIE C. CROVENO, his Guardian ad Litem, Respondent, v. THE ATLANTIC AVENUE RAILROAD COMPANY of Brooklyn, Appellant.

1. COURT OF APPEALS — ACTION FOR PERSONAL INJURIES — CONSTITUTIONALITY OF CHAP. 559, LAWS OF 1896, CODE CIV. PROC. § 191. The provision of chapter 559, Laws of 1896 (amending section 191 of the Code of Civil Procedure) which prohibits appeals as of right to the Court of Appeals from judgments of affirmance in actions for personal injuries, when the decision of the Appellate Division of the Supreme Court is unanimous, is expressly authorized by the Constitution.

2. ACT PROHIBITING APPEAL — TIME OF TAKING EFFECT. As the right of appeal to the Court of Appeals is created by law, and is not an inherent or natural right, it is not unjust to apply to a statute prohibiting that right in certain classes of cases the general rule that, in the absence of evidence as to the precise time when it was approved, an act which contains a provision that it shall take effect immediately operates during the entire day of its approval.

3. LAWS OF 1896, CHAP. 559 — PROHIBITION OF RIGHT OF APPEAL IN ACTIONS FOR PERSONAL INJURIES — TIME OF TAKING EFFECT. The act (Laws of 1896, chap. 559) approved May 12, 1896, which prohibits appeals as of right to the Court of Appeals from judgments of affirmance "hereafter rendered" in actions for personal injuries, when the decision of the Appellate Division of the Supreme Court is unanimous, and which contains a provision that it shall take effect immediately, is, in the absence of proof that it was not approved before the judgment appealed from was entered, presumed to have taken effect at the commencement of the day on which it was approved ; and hence, in the absence of such proof, the act applies to, and cuts off the right of appeal from, such a judgment entered on the day the act was approved.

*Croveno* v. *Atl. Ave. R. R. Co. of B.*, 5 App. Div. 623, appeal dismissed.

(Argued June 8, 1896; decided October 6, 1896.)

THIS was a motion to dismiss the appeal from judgment of the Appellate Division of the Supreme Court in the second judicial department, entered upon an order made May 8, 1896, which affirmed a judgment in favor of plaintiff entered upon a verdict, upon the grounds:

1. That by virtue of the provisions of chapter 559 of the Laws of 1896, the judgment of the Appellate Division is not appealable to this court; 2. That the decision of the Appellate Division, having been unanimous and to the effect that the verdict of the jury is supported by the evidence, the appeal presents no question of law for review by this court; and 3. That the record contains no substantial exceptions.

This action was commenced September 30th, 1895, to recover damages for personal injuries. It was tried January 13th, 1896, and resulted in a verdict for the plaintiff. A judgment was duly entered thereon January 16th, 1896. On January seventeenth an order was entered denying the defendant's motion for a new trial. On the twenty-first of the same month an appeal was taken from such judgment and order to the Appellate Division of the Supreme Court for the second department. The appeal was subsequently argued, and on May 8th, 1896, the Appellate Division handed down its decision, unanimously affirming the judgment and order. A judgment was entered in pursuance thereof, in all things affirming the judgment and order appealed from, on the twelfth day of May, 1896. On the fifteenth day of that month the defendant served a notice of an appeal to this court from the judgment of the Appellate Division.

A judgment affirming the judgment and order of the court below was entered at one o'clock and fifty minutes, P. M., on the twelfth day of May, 1896. On the same day the governor duly approved of chapter 559 of the Laws of 1896, which, so far as material to the question under consideration, provides: "Section 1. Section one hundred and ninety-one of the code of civil procedure is hereby amended so as to read as follows: § 191. The jurisdiction conferred by the last section is subject to the following limitations, exceptions and

conditions :   *   *   *   2. No appeal shall be taken to said court (the Court of Appeals) from a judgment of affirmance hereafter rendered in an action to recover damages for a personal injury,   *   *   *   when the decision of the Appellate Division of the Supreme Court is unanimous, unless such Appellate Division shall certify, etc.,   *   *   *."

The section which precedes and which is modified or limited by the one already quoted, so far as applicable, provides : " Appeals may be taken as of right to said court from judgments or orders finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them."

*Thomas E. Pearsall* for motion.   The judgment appealed from having been entered on the same day that the amendment to section 191 of the Code of Civil Procedure took effect, the presumption is that the enactment preceded the entry of the judgment, and, therefore, the appeal is not permissible.   (*Kilmer* v. *Bradley*, 80 N. Y. 630; *Derleth* v. *De Graff*, 104 N. Y. 661; *People ex rel.* v. *Fowler*, 55 N. Y. 675; *In re Kemeys*, 56 Hun, 118; *Arrowsmith* v. *Hamering*, 39 Ohio St. 573 ; *Mallory* v. *Hiles*, 4 Metc. [Ky.] 53 ; *In re Howes*, 21 Vt. 619; *In re Welman*, 20 Vt. 654; *Wood* v. *Fort*, 42 Ala. 641; *Griswold* v. *A. D. Co.*, 21 Barb. 225.) The Appellate Division having unanimously decided that the verdict of the jury is supported by the evidence, this appeal is within the provisions of article VI, section 9, of the Constitution, and of subdivision 4 of section 191 of the Code of Civil Procedure, that no such unanimous decision shall be reviewed by the Court of Appeals.   (*Dalzell* v. *L. I. R. R. Co.*, 119 N. Y, 626.

*Tracy, Boardman & Platt*, opposed.

MARTIN, J.   In determining this motion it becomes necessary at the outset to consider whether the provisions of chapter 559 of the Laws of 1896 deprive the appellant of the right

to appeal in this action. Section nine of article six of the Constitution provides : " The legislature may further restrict the jurisdiction of the Court of Appeals and the right of appeal thereto, but the right to appeal shall not depend upon the amount involved." Thus chapter 559 was fully authorized by the provisions of the Constitution, and if that statute was in force when the appeal was taken, then it is manifest that the appellant had no right of appeal, and this court has no authority to hear and determine it.

The order of the Appellate Division, which affirmed the judgment and order denying the appellant's motion for a new trial, was granted on the eighth day of May, 1896, but the judgment in pursuance of that order was not entered until the twelfth day of that month. The appeal is from the judgment and not from the order of affirmance. Indeed, such an order is not appealable. (*Kilmer* v. *Bradley*, 80 N. Y. 630 ; *Derleth* v. *De Graff*, 104 N. Y. 661.)

In determining the right of appeal we must consider that it is not a natural or inherent right, but rests upon the statute alone, and may be taken away by the legislature unless conferred by the organic law of the state. The jurisdiction of the Court of Appeals is designated and created by law, and it has no other. (*People ex rel. Grissler* v. *Fowler*, 55 N. Y. 675 ; *Hewlett* v. *Elmer*, 103 N. Y. 156, 164.)

Therefore, the real question we are called upon to determine is whether the statute of 1896 was in force when the judgment appealed from was entered. The amendatory statute under consideration provides that it shall take effect immediately. It was signed by the governor on the same day the judgment was entered. The papers read upon this motion disclose that the judgment was entered May 12th, 1896, at one o'clock and fifty minutes, P. M., but there is nothing before us to show at what time on that day the governor approved the statute prohibiting an appeal from a judgment of affirmance thereafter rendered in an action for personal injuries, when the decision of the Appellate Division is unanimous. That statute having contained a provision that it should take effect

immediately, it became a law upon being signed by the governor. (*Matter of Kemeys*, 56 Hun, 117.) There being no proof as to the time of day when the act became a law, the question in this case must depend upon the presumption as to the time when it took effect. It seems to be settled by the weight of authority that, in the absence of evidence as to the precise time when approved, an act operates during the entire day of its approval. In *Krom* v. *Levy* (60 N. Y. 126), where the act of 1874, prohibiting appeals to this court in cases involving less than five hundred dollars, was under consideration, it was held that as that act did not specify when it should take effect, it was controlled by the Revised Statutes and took effect the twentieth day after its passage (1 R. S. 157, § 12), and that an appeal perfected on that day was too late, as the act took effect from the beginning of the day. In *Pooley* v. *City of Buffalo* (122 N. Y. 592), under the provisions of the charter of that city which enabled persons interested to file objections to an assessment for local improvements, the city clerk was required when the assessment roll was delivered to him to publish a notice in five successive numbers of the official paper that the roll was in his office and that objections might be filed with him within ten days from the first publication of the notice. A notice in pursuance of a resolution ordering the assessment was published, the first publication being on the same day the resolution was approved by the mayor, but before it was approved, and yet it was held that the publication was valid and that the general rule that fractions of a day would not be regarded in law except for the purpose of preventing injustice was applicable. *Blydenburgh* v. *Cotheal* (4 N. Y. 418) was to the effect that fractions of a day are not generally regarded except for the purpose of preventing injustice. To the same effect are the cases of *Small* v. *M'Chesney* (3 Cow. 19); *Clute* v. *Clute* (3 Denio, 263); *Rogers* v. *Beach* (18 Wend. 533), and *Griswold* v. *Atlantic Dock Co.* (21 Barb. 225).

In *Arrowsmith* v. *Hamering* (39 Ohio St. 573) an act had been passed amending the Revised Statutes of that state

which allowed petitions in error to be filed without leave, so as to require leave to be first granted, and which repealed the original section and enacted that the amended section should take effect and be in force from and after its passage and apply to all cases and proceedings thereafter brought; and on the same day, but whether before or after the act was passed did not appear, a petition in error was filed without leave of the court. On a motion to dismiss the appeal it was held that that act took effect on the day of its passage and by presumption of law from the commencement of that day, and in the absence of proof showing that the case was pending on that day before the act took effect, the presumption of law that it took effect from the commencement of that day would prevail. *In re Welman* (20 Vt. 653) is to the effect that although divisions of a day are allowed to make priorities in questions concerning private acts and transactions, they are never allowed to make priorities in questions concerning public acts, such as legislative acts or public laws, or such judicial proceedings as are matters of record; that the time when an act approved by the president takes effect must appear, and can properly appear, only from the act itself, and that a statute which takes effect from and after its passage, goes into operation on the day on which it is approved and has relation to the first moment of that day. The same doctrine was held in *Matter of Howes* (21 Vt. 619). In *Wood* v. *Fort* (42 Ala. 641) it was held that a public statute, remedial in its character and not prescribing punishments or penalties, is in force during the entire day of its approval, as the law does not recognize fractions of a day. In *Mallory* v. *Hiles* (4 Metcalfe [Ky.], 53) it was decided that an act of the general assembly, which provided that it should take effect from its passage, took effect on the day of its approval by the governor, and must be regarded as being in force during the whole day upon which it was approved. In the case of *Tomlinson* v. *Bullock* (L. R. [4 Q. B. D.] 230, 232), where a somewhat similar question arose, and where the statute required the date when an act of Parliament received the royal assent to be indorsed thereon, and

enacted that such indorsement should be taken as part of the act and be the date of its commencement, where no other commencement was provided, it was said: "The only point of time which this act makes material is the day on which the royal assent was given. It thus recognizes the well-known maxim that the law takes no notice of the fractions of a day, and except where there are conflicting rights between subject and subject, for the determination of which it is necessary to ascertain the actual priority, such is the universal rule — an act which comes into operation on a given day becomes law as soon as the day commences."

In *Lapeyre* v. *United States* (17 Wall. [84 U. S.] 191, 203) it is said: "It is argued that a statute takes effect from the date of its approval, unless a different time is fixed by law. As a general rule this is true. It is further said that, by relation, it covers the whole of the day of its approval. This, also, is generally true. It has often been decided, however, that where justice requires it the true time of its passage may be shown even to the hour of the day." As early as 1763 this doctrine was recognized by Lord MANSFIELD in *Combe* v. *Pitt* (3 Burr. 1423, 1434), where he said: "But though the law does not, in general, allow of the fractions of a day, yet it admits it in cases where it is necessary to distinguish. And I do not see why the very hour may not be so too, where it is necessary and can be done." Many other cases might be cited where this question has been under consideration, but it seems unnecessary to refer to them at this time. We deem it sufficient to say that while the authorities bearing upon the exceptions to the general rule that the law will disregard fractions of a day are not in all respects harmonious, still we have found none which we regard as sufficient, under the circumstances of this case, to justify us in holding that the general rule that a statute covers the entire day of its approval does not obtain. As no one has an inherent or natural right to appeal, it cannot be said that it is unjust to apply to this case the general rule as to the time when a statute takes effect.

There is no proof that the act of 1896 was not approved

before this appeal was taken. In the absence of such proof, and under the authorities bearing upon this question, we think the statute must be presumed to have taken effect at the commencement of the day on which it was approved by the governor. As the judgment was not entered until the afternoon of that day the statute must be regarded as in force at that time, and it follows that the appellant's right to appeal was thus cut off.

Our conclusion upon this question renders it unnecessary to examine the other grounds upon which the motion is based, as the appeal must be dismissed upon the ground already considered.

All concur.

Appeal dismissed, with costs.