GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
I. O. LYNCH.

Decided December 20, 1899.

1. Statutes—Time of Taking Effect—Fraction of Day.

The Act of May 12, 1899, repealing article 1333 of the Revised Statutes relating to the submission of cases on special issues, which act took effect from its passage and was filed, with the executive approval, in the Department of State at 10:55 a. m., became a law from that time, and controlled as to action subsequently had that day in a case on trial.

2. Same—Immaterial Error.

But if the rule excluding fractions of a day and making the act take effect the next day were applicable here, the action of the court in refusing to submit the case upon special issues would be harmless error, since upon another trial the act would be in effect.

**3. Charge of Court—Omission of Issue—Request.**

Where the charge undertakes to state the issues made by the pleadings and is erroneous in omitting a part of them, such error is not, as a general rule, ground for reversal unless the attention of the court was called to the error by request for a proper charge.

**4. Same—Negligence Not Assumed.**

Where a charge submits to the jury the questions of fact, leaving them to determine the matter of negligence from the facts as they may find them, it is not erroneous as assuming that the facts show negligence.

**5. Negligence—Concurring Causes of Injury.**

Where an unusually high wind blowing a box car out on the main track was a cause of injury concurring with the negligence of the railway company in leaving the car on a side track with brakes not set and wheels unblocked, such negligence was the proximate cause of the resultant injury.

**6. Damages for Personal Injuries—Charge—Double Recovery.**

In an action for personal injuries, a charge allowing the jury to take into consideration the value of the time lost by plaintiff by reason of the injuries, and, if they believed his injuries permanent, such further sum as will be a fair compensation for his diminished capacity to labor and earn money in the future, is not erroneous as allowing a double recovery.

Appeal from Medina.   Tried below before Hon. I. L. Martin.

*Baker, Botts, Baker & Lovett,* and *Walter Gillis,* for appellant.

*Perry J. Lewis,* for appellee.

Neill, Associate Justice.—This suit was brought by the appellee against appellant to recover damages for personal injuries alleged to have been inflicted on him by the latter's negligence.   The case was tried before a jury and judgment rendered in favor of appellee for $10,000.

On October 20, 1898, the appellee, while in the employ of appellant and in the performance of his duties, was injured by a collision between a passenger train and a loose car on the main line of defendant's railway. The loose car had escaped from the side track by reason of appellant's negligence in permitting it to remain thereon without having brakes set or wheels blocked, and such negligence was the proximate cause of the collision and of plaintiff's injuries, by which he was damaged in the amount found by the jury.

1.   The court did not err in refusing to submit the case on special issues.   The Act of May 12, 1899, repealing article 1333, Revised Statutes, was passed with the emergency clause by a two-thirds vote on May 11, was received by the Governor on said day; and, on next day at 10 o'clock, 55 minutes, a. m., with his signature and approval, it was received in the Department of State.   The court, with knowledge of the passage of the act, declined to submit the case on special issues, and charged the jury at 6 o'clock p. m. on May 12, 1899.   It is only from a fiction of law that it has been held an act of the Legislature which by its terms is to take effect from and after its passage does not go into effect until the next day. The rule, if such it can be held, founded on the legal fiction that in law

there are no divisions or fractions of a day, is never allowed to operate against the right and justice of the case.   On the contrary, the very truth and facts, in point of time, may be proved in furtherance of right and justice.   Act May 12, 1899, Acts 26th Leg., p. 190; United States v. Stoddard, 89 Fed. Rep., 699; Louisville v. Savings Bank, 104 U. S., 469-479; Gardner v. Barney, 73 U. S., 499; Arnold v. United States, 9 Cranch, 104, 119; Richardson's Case, 2 Story, 571, Fed. Cases No. 11777; Arrowsmith v. Hamering, 39 Ohio St., 573; People v. Clark, 1 Cal., 406; Croveno v. Railway, 44 N. E. Rep. (N. Y.), 968; Wood v. Fort, 42 Ala., 641; Strauss v. Heiss, 48 Md., 292; In re Weiman, 20 Vt., 654; Grosvenor v. Magill, 37 Ill., 239; State v. Dunning, 9 Ind., 20; Mallory v. Hiles, 4 Metc. (Ky.), 53; Turnipseed v. Jones, 14 So. Rep. (Ala.), 377; 23 Am. and Eng. Enc. of Law, p. 214; Suth. Stat. Const., sec. 110.

Upon principle and authority, we hold that the Act of May 12, 1899, was in full force and effect when the court refused appellant's request to submit the cause on special issues.

Besides, as article 1333 of the Revised Statutes, which relates only to a matter of procedure, was repealed before appellant's motion for a new trial was acted on, the Act of May 12, 1899, which act was then and is now in force, would govern on the trial of this cause should it be remanded, and as nothing would be accomplished by a reversal of the judgment for the error assigned to the action of the court in refusing to submit the case to the jury upon special issues, such error, therefore, is no ground for reversal.   Phoenix Insurance Co. v. Shearman, 17 Texas Civ. App., 456; Cool. Const. Lim., 469; Suth. Stat. Const., sec. 482.

2.   If the second paragraph of the court's charge did not sufficiently state the issues raised by the pleadings, it was an act of omission which appellant should have asked the court to correct by a special charge.   The rule on this point is that if the judge in his charge undertakes to state to the jury the issues made by the pleadings, and the charge, as given, is objected to on account of omitting a part of the issues, the proper remedy of appellant is to call attention of the court to the error by requesting a proper charge at the time, and if that is not done, it is not proper, as a general rule, to reverse a judgment for such a cause.   Milmo v. Adams, 79 Texas, 530; Christian v. Insurance Co., 45 S. W. Rep., 268.   Besides, if there was error in not accurately stating in this paragraph the issues made by the pleadings, the charge taken as a whole submits every issue made by them to the jury.

3.   The fourth paragraph of the court's charge is as follows:   "If you believe from the evidence that the plaintiff, I. O. Lynch, was in defendant's employ as a fireman on one of its passenger trains, and that, while he was so employed, he was injured by a collision between such passenger train and a loose car on the main line of defendant's railway, as alleged in plaintiff's petition, and if you further believe from the evidence that the said car escaped from a side track at Missouri City and run down upon the main line, and that the said car, while on the said side track, did not have the brakes set, or the wheels blocked, and that this caused its es-

cape from said side track, and if you further believe from the evidence that the defendant negligently permitted said car to be and remain upon said side track without having the brakes set or the wheels blocked, and that the failure to have the brakes set or the wheels blocked, if you believe there was such failure, was negligence on the part of defendant, and that such negligence, if any, was the proximate cause of the collision and of plaintiff's injuries, then you will find your verdict for the plaintiff."

It is assigned as error on the ground that it is upon the weight of evidence, in that it assumes that defendant not only permitted said car to be and remain upon the side track without having the brakes set or wheels blocked, but that it was guilty of negligence in permitting it to be so and remain thereon. This part of the charge, as we understand it, is not open to the objections urged against it, for it submits all questions of fact to the finding of the jury, and leaves them to determine whether under such facts the defendant was guilty of negligence.

The fifth and sixth paragraphs of the court's charge are as follows:

"5. If you believe from the evidence that the plaintiff, I. O. Lynch, while in defendant's employ and while in the performance of his duties, was injured by a collision between a passenger train and a loose car on the main line of defendant's railway, and that the said loose car escaped from the side track at Missouri City by reason of an unusual or unprecedented windstorm, and that defendant was not guilty of negligence under the charges herein given you, proximately causing the escape of said car, and said collision, and plaintiff's injuries, then you will find for the defendant. Or if you believe from the evidence that the brakes on said car, while in the side track at Missouri City were set, or that the wheels were blocked, or if you believe from the evidence that the defendant was not guilty of negligence in failing to have the brakes set, or the wheels blocked, if you believe there was such failure, or that the negligence, if any, was not the proximate cause of the collision, and of plaintiff's injuries, then you will find for the defendant."

"6. If, however, you believe from the evidence that the plaintiff, I. O. Lynch, while in defendant's employ and in the performance of his duty, was injured by a collision between a passenger train and a loose car on the main line of defendant's railway, and that such car was blown out of the side track at Missouri City by an unusual or unprecedented windstorm, and that such unusual or unprecedented windstorm was a proximate cause of the collision and of plaintiff's injuries, and if you further believe from the evidence that the brakes on the said car, while on the side track, were not set, and that the wheels were not blocked, and that the failure to have the brakes set, or the wheels blocked, if you believe there was such failure, was negligence on the part of defendant, and if you further believe from the evidence that such negligence of the defendant, if any, and such unusual or unprecedented windstorm were concurring causes of the said collision and of plaintiff's injuries, and together were the direct and proximate cause of the collision and of plain-

tiff's injuries, then defendant would be liable, and you would find your verdict for the plaintiff."

The latter paragraph is assigned as error upon the ground that it instructs the jury that under the circumstances therein stated they should return a verdict against defendant, notwithstanding that they should find an unusual and unprecedented windstorm was the proximate cause of plaintiff's injury. No such meaning can be given to the part of the charge complained of, especially when read in connection with the preceding paragraph. Its clear import is that if the windstorm and appellant's negligence in leaving the cars unsecured were concurrent causes, and together were the direct and proximate cause of plaintiff's injury, the railroad would be liable therefor. This we understand to be the law. Railway v. Sweeney, 36 S. W. Rep., 800; Railway v. Croskell, 6 Texas Civ. App., 160; Railway v. McClain, 80 Texas, 85. If appellant was negligent in leaving the box cars upon the side track without having brakes set or the wheels blocked, and they were blown out on the main track by a storm, such negligence was necessarily the proximate cause of the collision and appellee's injury.

The ninth paragraph of the charge is as follows: "In the event you find for plaintiff and allow him damages, you should allow him such sum as you believe from the evidence will compensate him for the injuries sustained, and in estimating his damage, if any, you may take into consideration the mental and physical pain suffered, if any, consequent upon the injury received, and the reasonable value of time lost, if any, consequent upon his injuries; and if you believe from the evidence that his injuries are permanent, and will disable him to labor and earn money in the future, then you may, in addition to the above, find such further sum as will be a fair compensation for his diminished capacity, if any, to labor and earn money in the future."

This charge is assigned as error upon the ground that it "authorized and encouraged the jury to allow plaintiff damages twice, or a double recovery, in so far as the injuries resulted in his diminished capacity to labor and earn money in future was concerned." The charge correctly states the measure of damages, and is not obnoxious to the objection urged in the assignment. Railway v. Waldo, 32 S. W. Rep., 783; Knittel v. Schmidt, 16 Texas Civ. App., 7.

There is no error in the judgment appealed from, and it is affirmed.

*Affirmed.*