OPINION OF THE COURT
Theodore A. Kelly, J.
Plaintiffs Gloria English, Jo Baer, Kathy Dries, Jim Dries, Susan B. Trachtman, Alfred Berger and Anita Berger have commenced an action for combined declaratory and injunctive relief as follows: (1) declaring that the present 18-member Rockland County Legislature violates the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution; and (2) declaring that the 20-member Rock-land County Legislature created pursuant to Resolution No. 311 of 1969 violates the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution; and (3) declaring that Resolution No. 311 violates various provisions of the Municipal Home Rule Law; and (4) enjoining the Rockland County Clerk from filing a new or an amended certificate of county offices to be filled at the general election to be held on November 3, 1981, and enjoining the Rockland County Board of Elections from accepting such a certificate for filing; and (5) directing that the Rockland County Legislature be reapportioned under section 10 (subd 1, par [ii], cl a, subcl [13]) of the Municipal Home Rule Law to provide for 17 single-member districts, and directing that such a plan be presented for vote at a referendum to be held no later than November 3, 1981; and (6) enjoining the Rockland County Board of Elections from conducting the nomination and election of county legislators until a court-approved plan for reapportionment has been approved by the voters of Rockland County and extending the terms of the present 18 legislators until such time; and (7) granting reasonable attorneys’ fees pursuant to sections 1983 and 1988 of title 42 of the United States Code.
The Town of Haverstraw (the Town) has brought an action for a declaratory judgment seeking relief substan *222 tially similar to that sought by plaintiffs, except that the Town requests that the court direct the county legislature to adopt a proper plan for reapportionment.
Plaintiffs and the Town have moved for summary judgment. In the interest of judicial economy the motions have been consolidated for decision.
Each of these matters emanate from the action of Abate v Mundt (59 Misc 2d 809) which was an action commenced in 1968 by certain Rockland County taxpayers to compel the Rockland County Board of Supervisors to reapportion. The board’s initial proposal was disapproved by Justice Joseph F. Hawkins on May 12, 1969 (Abate v Mundt, supra). This interim plan had called for the reapportionment of the county’s legislative branch on the basis of weighted voting. Justice Hawkins then directed the board of supervisors to present another plan for redistricting and/or reapportionment “with all deliberate speed.”
The board of supervisors then adopted Resolution No. 311. The resolution provided for five legislative districts based upon the existing boundaries of Ramapo, Clarkstown, Orangetown, Stony Point and Haverstraw, with each town to elect a varying number of legislators based upon their respective populations. The resolution further provided that after each Federal census for the county, and prior to the date fixed for the designation and nomination of candidates, the board of elections would determine and certify the population of the smallest district. This population would then be established as the average population for each legislator. The board was then to apportion the number of legislators for each district by dividing the average population into the population of each district. The quotient thus obtained would be the number of legislators for a district with an additional member for each major fraction, if any, resulting therefrom in each district.
At that time Stony Point had a population of 11,704 and was the least populous town. The plan presented by the board of supervisors to Justice Hawkins, therefore, provided for an 18-member legislature with Ramapo having 6 legislators, Clarkstown 5, Orangetown 4, Haverstraw 2 and Stony Point 1.
*223 Although the plan permitted a total voting inequality of 11.9%, it was approved by Justice Hawkins with minor modifications in a judgment dated July 31, 1969. His judgment was later affirmed in the Appellate Division, Second Department (33 AD2d 660), and the Court of Appeals of the State of New York (25 NY2d 309). On certiorari, the United States Supreme Court affirmed (403 US 182).
The official census figures for 1980, as certified to the Rockland County Board of Elections by the Federal Census Bureau, show the following population:
Town of Ramapo 89,060
Town of Clarkstown 77,091
Town of Orangetown 48,612
Town of Haverstraw 31,929
Town of Stony Point 12,838.
Under the present 18-member legislature, the new census figures produce an over-all voting deviation of 26.4%, with Haverstraw being underrepresented by 10.7% and Orangetown being overrepresented by 15.7%.
The plan of reapportionment contained in Resolution No. 311 takes effect automatically in 1981 unless the Rockland County Legislature adopts a different plan. When the legislature was unable to agree on a plan, the Rockland County Board of Elections, acting pursuant to Resolution No. 311, reapportioned the legislature on May 6, 1981 as follows:
Town of Ramapo 7 legislators
Town of Clarkstown 6 legislators
Town of Orangetown 4 legislators
Town of Haverstraw 2 legislators
Town of Stony Point 1 legislator.
The reapportionment produces an over-all voting deviation of 29.3%, with Haverstraw being underrepresented by 23.0% and Orangetown being overrepresented by 6.3%. Had Haverstraw’s population been increased by 166, it would have been allowed another legislator, thereby creating a 21-member legislature. Such an increase, had it been *224 permissible under Resolution No. 311, would have produced an over-all voting deviation of 17.7%.
Plaintiffs propose adoption of a plan providing for 17 districts, with each district being represented by a single legislator. Such a plan would result in a deviation of 8.9% and, with one exception, would preserve town boundaries. The town would have the court order adoption of a plan increasing the number of its legislators from 2 to 3 and increasing the total legislative membership to 21.
Plaintiffs argue that the addition of two legislators would curtail the powers of the legislators and would create two new elective offices in violation of section 23 (subd 2, pars f, g) of the Municipal Home Rule Law which requires that such action be the subject of a mandatory referendum. They further allege that such an action violates section 10 (subd 1, par [ii], cl a, subcl 13) and section 24 (subd 2, par j) of the Municipal Home Rule Law in that the proposed plan of reapportionment is not subject to a permissive referendum. They also contend that Resolution No. 311 violates subdivision 2 of section 22 of the Municipal Home Rule Law since it is a local law that supersedes a State law, and that it deprives residents of their right to vote at a referendum. The County of Rockland, on the other hand, argues that Resolution No. 311 contained a formula for future reapportionment of the legislature which was left undisturbed by all appellate courts that considered its constitutional validity in Abate v Mundt (403 US 182, supra).
The effective date of section 10 (subd 1, par [ii], cl a, subd 13) of the Municipal Home Rule Law, which permits the county to reapportion itself subject to a permissive referendum, was May 22, 1969, 10 days after Justice Hawkins had rejected the board of supervisors’ initial plan and had directed them to submit a futher plan (L 1969, ch 834). The law was to take effect immediately (L 1969, ch 834, § 6). A law that takes effect immediately is not retrospective in its operation (Croveno v Atlantic Ave. R. R. Co., 150 NY 225). Reapportionment effected prior to that date was subject to mandatory referendum if it resulted in certain enumerated acts, including curtailment of the power of an elected *225 officer or the creation of a new elective office (Municipal Home Rule Law, § 23, subd 2, pars f, g).
The following language appears in the statement of legislative intent for chapter 834 of the Laws of 1969 (L 1969, ch 834, § 1): “It is recognized that local governments do have some powers of local legislation respecting restructuring of their legislative bodies and this act is intended to extend alternative powers to them. To the extent that local governments already have local legislative powers not subject to referenda requirements, or subject to less restrictive referenda requirements, this act is not intended to and does not impose additional referenda requirements upon them in the exercise of such powers.”
As of the effective date of the legislation calling for a permissive referendum, therefore, the judicial process which culminated in the approval of Resolution No. 311 was extant and Justice Hawkins had already disapproved one reapportionment plan. In addition, section 23 of the Municipal Home Rule Law required a mandatory referendum on any local law which curtailed the power of an elective officer or created a new elective office. The plan finally presented to Justice Hawkins, although providing for reapportionment and the creation of new elective offices, made no provision for a mandatory referendum and no mention of a right to a permissive referendum. Justice Hawkins did not modify this plan to effect compliance with the statutory provisions for a mandatory or permissive referendum, and his determination was affirmed in all New York appellate courts and in the United States Supreme Court. This court is without authority to superadd such rights now. The plan of reapportionment contained in Resolution No. 311, therefore, is declaréd not subject to section 10 (subd 1, par [ii], cl a, subcl [13]), section 23 (subd 2, pars f, g ) or section 24 (subd 2, par j) of the Municipal Home Rule Law and to be valid under subdivision 2 of section 22 of the Municipal Home Rule Law. Further, it is declared that the resolution does not deprive plaintiffs of a franchise right, to wit, the right to vote at a referendum. Accordingly, plaintiffs’ motion for summary judgment on their third cause of action is denied and the County of *226 Rockland is awarded summary judgment dismissing the third cause of action.
Regarding plaintiffs’ fourth cause of action, section 4-106 of the Election Law requires the County Clerk to transmit to the board of elections, at least eight months before the general election, a certificate stating each county office to be voted for at such election. On February 5, 1981 the Rockland County Clerk certified that 10 legislative seats would be filled at the November 3, 1981 general election. The plaintiffs contend that it is too late for the County Clerk to now certify the two additional legislators to be voted for at the election, and that the County Clerk should be enjoined from filing an amended certificate and the board of elections enjoined from accepting an amended certificate.
Plaintiffs’ contention is rejected. Subdivision 4 of section 4-106 of the Election Law requires the County Clerk to file with the board of elections, within three days after the occurrence of any vacancy in an office required to be filled at the next general election, a certificate indicating the occurrence of the vacancy and the position to be filled. Since the final census count indicating the possibility of adding two additional legislative seats was not received until April, 1981, it was impossible for the County Clerk to certify that there would be 12 legislative seats filled at the next general election. In addition, it was the board of elections itself which acted pursuant to Resolution No. 311 on May 6, 1981, after the county legislature had failed to act. The board of elections, therefore, was obviously aware of the need to fill two additional legislative seats at the coming election, and its nonreceipt of such notice from the County Clerk is of no significance. Plaintiffs’ motion for summary judgment on their fourth cause of action, therefore, is denied, and the County of Rockland is awarded summary judgment dismissing the fourth cause of action.
In their fifth cause of action the plaintiffs request that the court direct the legislature to adopt a plan calling for 17 or fewer single-member districts and direct that the plan be placed before the public for vote at a referendum to be held on November 3, 1981. Assuming, but not deciding, *227 that such a proposal has merit, its logistical problems are obvious. The political time clock has been set in motion and is ticking inexorably. Nominating petitions have been circulated and filed to fill the two additional vacancies. No map delineating these single-member districts has been presented to the court for its use if it was so disposed, and the County Attorney has presented several arguments in opposition to single-member districts. The court, therefore, is loathe to mandate any particular type of reapportionment without affording the legislators an additional opportunity to discharge this obligation themselves. Accordingly, plaintiffs’ motion for summary judgment on their fifth cause of action is denied, and the County of Rockland is awarded summary judgment dismissing said cause of action.
In its decision in Abate v Mundt (403 US 182, supra) the United States Supreme Court recognized that viable local governments may need considerable flexibility in municipal arrangements if they are to meet changing societal needs, and that a desire to preserve the integrity of political subdivisions may justify an apportionment plan which departs from numerical equality. However, the total deviation in Abate v Mundt (supra) was 11.9%. The same formula of reapportionment, when applied to the 1980 Federal census figures, has now produced a deviation of 26.4% for an 18-member legislature and a deviation of 29.3% for a 20-member legislature.
The County of Rockland relies upon Burns v Richardson (384 US 73) as authority for its contention that deviations of 26.4% and 29.3% are permissible. Burns v Richardson (supra) involved a reapportionment in the State of Hawaii which was based upon the number of registered voters rather than on total population as measured by the Federal census. While the Supreme Court in Burns vacated a District Court order disapproving a reapportionment plan for the Hawaiian Senate which had provided for multimember districts with a total deviation of 34.7%, the court did not comment on the deviation in its decision and the principal issue before the court was whether voter population, as opposed to actual population, could be used as a basis for reapportionment. In this court’s view, Burns v *228 Richardson (supra) does not stand for the proposition that a total deviation of 34.7% would be constitutionally permissible.
In Mahan v Howell (410 US 315, 329), Justice Rehnquist suggested that a variation of 16.4% “may well approach tolerable limits.” In Kilgarlin v Hill (386 US 120), the Supreme Court struck down a plan for the reapportionment of the Texas Legislature which produced a deviation of 26.48%. The District Court had upheld the plan on the ground that the deviations were amply justified because they resulted from a bona fide attempt to conform to the State policy requiring legislative reapportionment plans to respect county boundaries. In its Per Curiam opinion, the Supreme Court stated (supra, p 123): “We are doubtful, however, that the deviations evident here are the kind of ‘minor’ variations which Reynolds v. Sims indicated might be justified by local policies counseling the maintenance of established political subdivisions in apportionment plans.”
The only significant circumstances urged by the County of Rockland for its reapportionment plan are a desire to preserve the traditional town-county relationship which has prevailed in Rockland County, and to preserve town boundary lines. The present deviations, however, are no longer sustainable for these reasons. The court finds, therefore, that the deviations of 26.4% and 29.3% exceed tolerable limits and that both violate the one person, one vote rule enunciated in Baker v Carr (369 US 186) and Reynolds v Sims (377 US 533).
Legislative reapportionment, however, is primarily a matter for legislative consideration and determination, and judicial relief becomes appropriate only when a legislature fails to reapportion according to Federal constitutional standards after having had an opportunity to do so (Reynolds v Sims, 377 US 533, supra). Both plaintiffs and the Town of Haverstraw argue that the county legislature was well aware of its malapportionment and that it had ample opportunity to adopt a constitutional plan of reapportionment. In this regard it is conceded by all parties that the legislature is presently deadlocked and is unable to reach an accord on a reapportionment plan which would satisfy the one person, one vote requirement. The county, *229 on the other hand, contends that the severity of the deviation did not become clear until the final census figures were furnished to the board of elections.
That the county was well aware of the possible effect of the 1980 census is apparent from Resolution No. 756 of 1978 by which the legislature established a special legislative committee to study the anticipated impact of the census on the administrative and governmental structure of Rockland County government. The committee recommended adoption of an 18-member weighted voting plan which would conform to the one person, one vote mandate when the results of the census were made known. This recommendation was offered to the legislature in the form of a resolution but was defeated.
Any proper determination concerning the “good faith” efforts of the legislature should be the subject of a fact-finding hearing. As hereinbefore stated, however, the political timetable has been set in motion, and this court is not disposed to order such a hearing.
In Reynolds v Sims (377 US 533, supra) the Supreme Court stated that it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under an invalid plan. The court further stated, however, that under certain circumstances, such as where an impending election is imminent and the State’s election machinery is already in progress, equitable considerations might justify withholding the granting of immediately effective relief even though the existing apportionment scheme was found to be invalid. In awarding or withholding immediate relief, a court would be entitled to consider the proximity of the forthcoming election and the mechanics and complexities of the State election laws, and reasonably endeavor to avoid a disruption of the election process which might result from requiring precipitate changes that could make unreasonable or embarrassing demands on a State in adjusting to the requirements of the court’s decree.
We are now confronted with a situation wherein the 20-member plan is being implemented. Party conventions have been held, nominating petitions have been circulated *230 and filed and challenges to several petitions have been filed. It would clearly disrupt the election process if the court were to enjoin the election of a 20-member legislature, albeit that the court has determined the plan to be constitutionally unacceptable.
Accordingly, plaintiffs are awarded summary judgment on their first and second causes of action and the Town is awarded summary judgment on its first, second and third causes of action to the extent that it is declared that the 18-member Rockland County Legislature and the 20-member Rockland County Legislature created pursuant to Resolution No. 311 of 1969 violate the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution, and that Resolution No. 311 to the extent that it applied the 1980 census figures to the Town of Haverstraw, did so in an unconstitutional manner. The Town’s motion for summary judgment on its fourth cause of action requesting the court to direct the Rockland County Legislature to adopt a plan of reapportionment which eliminates discrimination and provides for fair representation is also granted. The court directs the Rockland County Legislature to furnish it with a plan for reapportionment which will comply with constitutional standards within 90 days from the date of this order and judgment.
Plaintiffs’ motion for summary judgment on their sixth cause of action seeking to enjoin the coming election and to extend the terms of the current legislators is denied and the County of Rockland is awarded summary judgment dismissing the sixth cause of action.
Plaintiffs’ seventh cause of action and the Town’s fifth cause of action, each of which seek attorney’s fees under sections 1983 and 1988 of title 42 of the United States Code are hereby severed. The court retains jurisdiction over the issue of attorneys’ fees for the purpose of determining, at the conclusion of this litigation, whether such fees should be awarded and, if so, the amount of the fees.